Warner, Chief Justice.
The plaintiff brought an action of ejectment on the several demises of the heirs-at-law of James Delay, and the heirs-at-law of Andrew Lamar, against the defendants to recover the possession of a lot of land in the county of Terrell. On the trial, the jury found a verdict for the defendants. A motion was made for a new trial, on the grounds set forth in the record, which was overruled by the Court, and the plaintiff excepted. The plaintiff introduced a grant from the State to James Delay for the lot of land in dispute. The plaintiff then offered in evidence a deed made by the heirs-at-law of James Delay to the heirs-at-law of Andrew Lamar, dated 24th of October, 1866, in which deed it was recited that James Delay, the drawer of the Iqt qf land in dispute, now deceased, did, on the 10th day of January, 1837, sell and convey said lot of land to one Thomas Hancock, and that Hancock conveyed the same to Robinson, that Robinson conveyed it to John B. Lamar, and that John B. Lamar conveyed the lot to Andrew Lamar. There was no evidence of any deed of conveyance of the lot of land by the drawer, James Delay, to Hancock, other than the recitals contained in the deed made by the heirs-at-law of James Delay to the heirs-at-law of Andrew Lamar, on the 24th of October, 1866. The defendant was in possession of the land, claiming- it under an independent title. The Court ruled out the deeds, offered in evidence, made by Hancock to Robinson, Robinson to John B. Lamar, and the deed of John B. Lamar to Andrew Lamar, *on the ground that it did not appear that the title to the lot of land had' ever passed out of the drawer, James Delay, except by the recitals in the deed made by his heirs-at-law in 1866. In our judgment, the deeds were promptly ruled out as evidence of title to enable the plaintiff to recover the possession of the land from the de *245 fendants, who were in possession of the same, claiming under a distinct and independent title. The recital in the deed of the 24th of October, 1866, that James Delay had sold and conveyed the land in his lifetime, would only bind the parties to that deed, and those claiming under them. The recitals in that deed were not evidence against the defendants, who did not claim title to the land under or through any of the parties to it; they did not claim an)' title to the land under the parties to that deed, either as privies in law or as privies in estate, but under a title wholly independent of them. The recitals in a deed only bind the parties thereto and their privies, but not strangers. On the statement of facts contained in the record, the verdict for the defendants was right, and there was no error in overruling the motion for a new trial. It is not disputed that the defendants had been in possession of the land more than seven years under color of paper title and claim of right, but assuming that the heirs of Andrew Lamar, who were minors, voluntarily purchased a good title to the land, under the deed of 1866, after the statute had commenced to run in favor of the defendants, • was such voluntary purchase by them of the land, such a voluntary undertaking of disability on their part as would cause the statute to cease to operate in their favor during their minority, under the 2876th section of the Code, or would the statute continue to run against them, notwithstanding their minority? In other words, does the voluntary purchase of a tract of land by a minor, after the statute has commenced to run, take the case out of the general rule as provided by section 2644 of the Code, that no prescription works against the rights of a minor during infancy? (Query?)
• Let the judgment of the Court below be affirmed.