CRUGER, trustee, *vs.* TUCKER, administrator, *et al.*

1. A ground of a motion for new trial that the verdict is contrary to the charge of the court, is too general to be considered by this court.
2. The recitals in a deed are only binding on the parties thereto and those claiming under them; they are not evidence against one who does not claim under any of the parties to it, either as a privy in law or in estate.

.v 69—36

| 69 | 557 |
| 97 | 537 |
| 69 | 557 |
| 100 | 613 |
| 69 | 557 |
| 106 | 503 |
| 69 | 557 |
| 109 | 41 |
| 69 | 557 |
| 110 | 315 |
| 69 | 557 |
| 112 | 160 |

(a.) Creditors of a grantor who attacked a deed made by him to a trustee for his wife and children, as fraudulent and void, and sought to enforce their claims against the property, were not bound by the recitals of such deed.

3. Where a husband, being heavily involved, conveyed property to a trustee for his wife and children, alleging as a consideration of the deed that he was indebted to the trust estate, and that the funds of such estate had been invested therein, in a contest with judgment creditors who obtained their judgments after the conveyance, notwithstanding such recitals, the onus of proving to the satisfaction of the jury the existence of such debt, was on the trustee.

(a.) There being no evidence of the existence of such debt, the court properly submitted to the jury the question whether or not such conveyance was fraudulent as to creditors.

4. The charge of the court complained of was not without foundation in evidence.

5. A court of equity having the parties before it will do full equity. Where the issue made by the pleadings was, whether certain property belonged to the trust estate of a debtor's wife and children, or was subject to his debts, a verdict that it was subject, and that it be sold and the proceeds be brought into court for distribution under its order, was not improper.

6. The verdict is supported by the evidence.

September 26, 1882.

Practice in Supreme Court. Fraud. Trustees. Equity. Before Judge SIMMONS. Dougherty Superior Court. April Term, 1882.

To the report contained in the decision, it is necessary to add only the following: The trustee of Mrs. Cruger and her children sought, by bill, to enjoin the creditors of Cruger, the husband and father of the *cestuis que trust*, from subjecting certain property to the payment o fhis debts. The prayer of the bill was for injunction, subpœna and general relief; also a prayer for the payment of certain counsel fees due by the trust estate. Claghorn & Cunningham, who were among the defendants to the bill, attacked the conveyance from Cruger to the trustee of his wife and children, under which the latter claimed. Defendants denied any knowledge of equitable ownership

in the wife and children, and set up that they gave credit to Cruger on the faith of his owning the property, and that the goods sold by them were for the benefit of the family. The answer closes as follows: "And they ask that they may be permitted to go forward and take judgment for the amount of principal and interest due on the same" (their claim which was in suit) "against the said property," etc. The other defendants did not answer, but various orders making and striking parties appeared.

On the trial, the jury found that the "Sherwood place" (the property in controversy) was subject to the debts of the husband and father, held by the defendants in the bill and that the land be sold by the sheriff and the proceeds returned to the next term of court for distribution among the creditors. Complainant moved for a new trial, which was overruled, and he excepted. One assignment of error was, that the verdict was not in conformity with the pleadings.

SMITH & JONES; VASON & ALFRIEND, for plaintiff in error.

C. B. WOOTEN, by W. A. HAWKINS; R. HOBBS; G. J. WRIGHT, for defendants.

SPEER, Justice.

John H. Robert, of South Carolina, by his will devised certain property in that state to his daughter, E. A. Robert, who afterwards intermarried with N. Cruger. By the terms of the devise, "the use of the property, both real and personal, was given her during her natural life, and then to the children of said daughter who may survive her, in equal distribution."

Ann M. Robert, the mother of Mrs. Cruger, by her will, in 1851, likewise devised to Mrs. Cruger certain property, "its use and enjoyment during her natural life, and no longer, and then to her children who may survive her, in equal distribution."

Cruger, trustee, *vs.* Tucker, administrator, *et al.*

In 1847, E. A. Robert and Nicholas Cruger, before their marriage in Cobb county, entered into a marriage contract, in which it was stipulated "that the property of said Ann E., now held by her, and all that may be subsequently acquired, shall not be subject to the payment of the debts or liabilities of said Nicholas, or be subject to be sold or conveyed, or in any manner controlled by him, the said Nicholas, but the legal right or title shall be vested in Peyton Wade, for the following uses and trusts: the net income thereof to go to the mutual and equal support of the parties of the first and second part during their natrural lives, and in case of the death of either of the parties with issue, one-half of said property to vest in said issue, and the other half in the surviving party—the survivor to be the guardian of said issue and to enjoy the income of the whole property during the natural life of the survivor; said E. A. to have the right to will and devise with written consent of said Nicholas." Wade declined the trust, and Riley was selected by the parties and consented to serve. Dr. Edward Riley was appointed also trustee under the will of Mrs. Cruger's father. By an agreement between Cruger and wife, the "Greenwood place" in Baker county was purchased with the proceeds of the trust estate from South Carolina, (its transfer to Georgia being allowed by a court of chancery in that state). From her father's estate, under his will, Mrs. Cruger received the "Cotton Hill place," in South Carolina, and 58 slaves. From her mother's estate, under her will, she received the "Pleasant Hill place" and 14 slaves. At the time of the marriage, Cruger owned but little property. He managed the trust estate until he executed the deed to Jennings, a subsequently appointed trustee. These evidences of trust, etc., and marriage contract were duly recorded in Baker county, 13th June, 1849.

In June, 1860, W. P. Hill made a deed to N. Cruger and his heirs, etc., to lots 386, 391 and west half of 384. Whitehead, in December, 1859, also made a deed to N.

Cruger and his heirs to lot 385, these lands forming the "Sherwood place," which deeds were duly recorded.  N. Cruger, in 1870 (then being insolvent), in consideration (as the deed recites) "of being indebted to the trust estate a large amount, and that the funds of the trust estate had been invested therein, sold and conveyed to Jennings, trustee of his wife's estate, the "Sherwood place." Cruger, owing large debts at the time of this conveyance, was sued, and judgments obtained against him after his conveyance of the Sherwood place.  These creditors livied on the Grenwood place, the city house and lot occupied by the family in Albany and the Sherwood place, as the property of N. Cruger; whereupon N. J. Cruger, the trustee of the estate, filed his bill for injunction and relief, etc., to restrain said levies and to protect the property from their liens, claiming that the same was not subject thereto, but belonged to the trust estate. On the trial of the bill, the creditors abandoned their claims against the Greenwood place and the city house, the titles to them having been taken originally in the name of the trustee of said estate, and the trial proceeded upon the sole issue, whether, under the law and facts, the "Sherwood place" was subject to the payment of their debts?

The jury, under the evidence and charge, found that the "Sherwood place" should be sold as the property of N. Cruger, by the sheriff, and the proceeds brought into court to be distributed under its order.   Plaintiff in error made a motion for a new trial on various grounds as set forth in the record, which was refused, and he excepted.

1. The ground in the motion, that the verdict was contrary to the charge of the court, is too general, and cannot be considered, as has been announced in repeated rulings of this court

2. There is an exception made that the court charged the jury, "that the recitals in the deed from Cruger to Jennings, trustee, are not evidence as to third parties; that

it must be proved to your satisfaction that he owed the estate this debt," and also erred in reading section 1952 of the Code in this connection,—plaintiff insisting said recitals were evidence binding on Cruger and his privies the weight of which was for the jury. This was one of the main grounds of error relied upon here.

In the case of *Doe, ex dem. of Lamar, vs. Turner, tenant in possession*, this court said: "The recitals in a deed only bind the parties to that deed and those claiming under them, but are not evidence against one who does not claim under any of the parties to it, either as a privy in land or as a privy in estate, but under a title wholly independent of them." 48 *Ga.*, 329. In the case of *Hanks, adm'r, vs. Phillips*, it was ruled: "Recitals in a private deed only bind parties and privies, and are not evidence against one not claiming under the deed." 39 *Ga.*, 550. A like ruling was also had in 40 *Ga.*, 479. In the case of Penrose *vs.* Griffith, 4 Binney (Penn. Rep.)231, it was held: "A deed containing recital of another deed, is evidence of the recited deed against the grantor, and all persons claiming by title derived from him subsequently; but it is not evidence against one who claims from him by title prior to the deed which contains the recital, nor is it evidence against a stranger."

We do not understand that these creditors claim under the deed made by Cruger in 1870, to Jennings, trustee. On the other hand, they assail the integrity of that deed as being fraudulent and void as to them. They insist Cruger took his title under the deeds of 1859 and 1860, conveying to him this property, and being on record, they gave credit on the faith of it as his property, and that his attempted conveyance to his wife's trustee was void as to them, they being creditors at the time, and there being no evidence in the record that he conveyed for value, and he being insolvent. We find, therefore, no error in the charge on this point as made.

3. The judge further charged, and it is assigned as error,

that notwithstanding these recitals in the deed, "it must be proved to your satisfaction, that he owed the estate this debt." In the case of *Booker vs. Worrill*, 57 *Ga.*, 235, this court said : " A conveyance by husband to wife, made pending suit against him, and only a few days before judgment, and leaving him nothing out of which payment of the judgment can be coerced, is *prima facie* fraudulent, and where such conveyance purports to be for value, and the consideration set up is a debt from him to her, the actual existence of the debt must be shown, and this is not done by proving that she owned certain real estate, and that at the time of executing the conveyance, there was no accounting for rents, she claiming and he admitting, that the rents of her property had been collected by him and not paid over, but the actual truth of such admission not being in any way proved on the trial."

In the absence of any proof that the trustee, Jennings, had paid any consideration for the Sherwood place, conveyed by the deed of 1870, made by Cruger, it was for the jury to say whether it was or not fraudulent as to creditors, and hence, we think §1952 of the Code on the subject of " acts void as to creditors," was properly given in charge by the court.

4. But it is claimed the judge erred in saying, "that if Mrs. Cruger was consenting to the use of the income by Mr. Cruger in the purchase of the Sherwood place, and in taking the title in his own name, it was binding on her and estops her from setting up her claim to it as against creditors who gave credit to him on the faith thereof." The error assigned is, there was no evidence to sustain this charge. She certainly knew he bought this place ; she so testified, and was in possession of it. And was not the recorded deed, in which he took title to himself, construc-tive notice to her trustee and herself of his claiming the land ? and was not her long acquiescence an implied con-sent to his so holding it ? We think, taking the whole facts, the court might well leave to the jury the question

of her knowledge and consent to this investment in his own name, especially against creditors who trusted him on the faith of it.

5. As to the exception to the form of the verdict, the question made by the pleadings was, whether this property belonged to the trust estate, or was it subject to Cruger's debts? If found subject, why remit these creditors to further proceedings at law to secure these rights? A court of equity will do full equity when the parties are before it, and having found this Sherwood place subject to N. Cruger's debts, why not decree the sale and have the funds brought into court, to be paid out under its order? So the jury found, and such was the decree, and we find no error in either.

6. We deem it unnecessary to discuss the stereotyped ground, that the verdict was contrary to law and evidence. The law was given as favorably for complainant as he was entitle to ask, and we think there is sufficient evidence to support the verdict.

Judgment affirmed.