[No. 7902.]

EMPIRE RANCH AND CATTLE COMPANY V. HOWELL.

1.  EJECTMENT—*General Denial.*  The general denial in ejectment does not affirmatively show that defendant is not claiming title from the same source as plaintiff, and is not sufficient to present the question whether defendant is affected by the recitals in a trust deed under which plaintiff deraigns title.

The trust deed is in such case admissible without evidence *aliunde* of the truth of its recitals. (191.)

2.  TAX DEED—*Regular Upon its Face,* is *prima facie* valid. (191.)

*Error to the Court of Appeals.*

Mr. R. H. GILMORE, for plaintiff in error.

Mr. JOHN F. MAIL, for defendant in error.

GABBERT, C. J., delivered the opinion of the court.

Howell brought an action in ejectment in the District Court of Washington County against the Empire Ranch and Cattle Company to recover possession of a quarter section of land. Judgment was in favor of plaintiff, from which the defendant appealed to this court. The case was transferred to the Court of Appeals, where the judgment was affirmed, 22 C. A. 389, 125 Pac. 592. The defendant brings the case here for review on error.

The complaint was the usual one in an action in ejectment. The answer was a general denial. The plaintiff to establish title introduced the government patent, a trust deed from the patentee, and offered a trustee's deed to himself, executed by H. C. Black, County Clerk of Washington County, successor in trust, which purported to have been made by virtue of the terms of the deed of trust. In the trust deed W. H. Lanning was named as trustee, and upon his refusal to act, the County Clerk of Washington County was made the successor in trust. The trustee's deed recites the execution of the trust deed, the refusal of Lanning to act, the default in the payment of the note secured by the trust deed, the advertisement of the property for sale, and other facts usually inserted in a trustee's deed of that character. The defendant objected to its introduction, because it contained numerous recitals upon the truth of which its validity depended, and that there is no evidence that the H. C. Black who acted as successor in trust was County Clerk of Washington County. This objection was overruled and the deed admitted. The Court of Appeals held that the recitation of facts in the trustee's deed was *prima facie* evidence of such facts.

On behalf of defendant it is urged that, "Recitals in a deed are evidence for or against and binding upon the parties thereto, and their privies and all persons claiming by, through, or under such parties, or under the deed, but such recitals are not evidence against or in favor of strang-

ers to the deed, nor binding upon them." In support of this contention it is urged that as the instruments upon which plaintiff relied to establish title did not disclose that defendant was a party thereto, or that it claimed title to the premises in dispute from the same source as plaintiff, or through any of the parties mentioned in these instruments, it was a stranger to the title, and that it was therefore incumbent upon plaintiff to establish the truth of the recitals in the trustee's deed by evidence *aliunde* before it was admissible in evidence.

Counsel for defendant cite numerous authorities which hold, in effect, that recitals in a conveyance only bind the parties thereto and those claiming under them, but are not evidence against one who does not claim under any of the parties to it, either as a privy in law or as privy in estate, but under a title wholly independent of them. Such a case is not made by the pleadings. The answer of defendant simply denied the title of plaintiff. Defendant did not thereby disclose the nature or source of its title. True, from the conveyances upon which plaintiff relied, it did not appear that defendant was a party thereto, but that was not sufficient under authorities cited by counsel to present the question of whether the recitals in the trustee's deed were *prima facie* proof of the truth thereof as against it. In addition it must appear that defendant claimed the premises in dispute under an independent title. The answer put plaintiff upon proof of his title, but in the absence of a defense from which it affirmatively appeared that defendant claimed under a title independent from or alien to that which plaintiff established by the evidence introduced, the proposition upon which counsel for defendant relies, even if correct, is not applicable. In *Hardenburgh v. Larkin,* 47 N. Y. 109, where it was held that a recital in a conveyance is only evidence against the parties to it, and privies in blood or in estate, it appears the defendant's title was alien to that

of plaintiff. In *Lamar v. Turner,* 48 Ga. 329, where the same declaration was made, the defendant claimed the disputed premises under an independent title. In *Sonoma County Water Co. v. Lynch,* 50 Calif. 503, it was held that a recital in a deed that the grantor was a corporation did not prove such corporate existance against one claiming property through another source of title. In *Stumpf v. Osterhage,* 94 Ill. 115, the court ruled that the recitals in a conveyance only bind the grantors and those claiming under them by grant subsequent to the recitals. In what circumstances in this jurisdiction it might be necessary for one deraigning title through a trustee's deed to prove the truth of its recitals, in order to render it competent evidence as against a defendant in an action in ejectment is a question upon which we do not express any opinion. All we determine is, that such deed is admissible on the part of plaintiff to establish his title in the first instance, without proof *aliunde* of the truth of its recitals as against a defendant in that character of action, whose answer is nothing more than a general denial of the allegations of the complaint.

The defendant offered in evidence a tax deed to the premises issued by the Treasurer of Washington County, which the trial court held invalid and rejected. This ruling was affirmed by the Court of Appeals, and is erroneous for the reasons given in *Imperial Securities Co. v. Morris,* 57 Colo. 194, 141 Pac. 1160, where the same question was presented and ruled upon. So far as advised from the record and briefs of counsel the tax deed is regular on its face and *prima facie* valid. The judgments of the Court of Appeals and of the District Court are reversed, and the cause remanded to the latter tribunal for a new trial.

*Reversed.*

Decision *en banc.*

Decided October 4, A. D. 1915. Rehearing denied November 1, A. D. 1915.