## GEORGE v. DORTCH et al.

Where one sold land and executed to the purchaser a deed of conveyance, but inserted in the deed a stipulation that the note for the unpaid purchase-money, "by express agreement of the maker of this deed, is held as a second-mortgage note subject to a certain loan which shall be a prior lien on the property conveyed," this reservation had the effect of creating such a lien on the property as was enforceable by the vendor against any subsequent transferee of the property, or mortgagee, except the one whose loan was expressly provided for in connection with the reservation.

No. 1107. MARCH 15, 1919.

Equitable petition. Before Judge Bell. Fulton superior court. May 29, 1918.

*Richard B. Russell* and *Holbrook & Corbett,* for plaintiff in error.

*Dorsey, Shelton & Dorsey, R. Low Reynolds, Philip N. Jobson,* and *Napier, Wright & Wood,* contra.

BECK, P. J.   J. R. Dortch owned a tract of land which he sold to T. L. McCurry on April 14, 1916, and executed a deed of conveyance to the same.  The grantor undertook to reserve a lien or second mortgage on the land, by writing in the conveyance executed by him to McCurry the following stipulation: "The consideration of $2250.00 hereinabove recited as the consideration of this transfer is as follows: $1075.00 cash in hand paid, receipt of which is hereby acknowledged at the time of the delivery. of this deed, and one purchase-money note signed by the vendee herein, payable to the vendor herein, and due April 14, 1917, for the sum of $1175.00, bearing interest from date at the rate of 8% per annum, which said note, by express agreement of the maker of this deed, is held as a second-mortgage note subject to a certain loan which shall be a prior lien on the property conveyed herein, in the sum of $1000.00 in favor of the Georgia Savings Bank, and which said loan the vendee is expressly authorized to make as a first lien on said property herein conveyed."  The conveyance was duly recorded, and subsequently thereto the gantor executed a deed to secure a loan of $1,000.00 to the Georgia Savings Bank, thus creating the first lien upon the property as provided for in the conveyance from Dortch to McCurry in the stipulation above quoted.   Thereafter, and prior to the maturity of the purchase-money note described in the conveyance from Dortch to McCurry, the latter undertook to create a mortgage lien upon the property in favor of George, the plaintiff in error.  The property was afterwards sold under proceedings instituted by the bank, and the lien in favor of the bank was satisfied, leaving a balance in the hands of the sheriff; and in proceedings duly instituted to distribute this balance between Dortch and George, the question arose as to whether or not the lien in favor of Dortch was superior to that of George.  The court held that it was, and awarded the money to Dortch; and the sole question in the case is whether Dortch had, under the stipulation in the deed of conveyance to McCurry, a prior lien to the mortgage lien of McCurry.

The court properly awarded the money to the claim of Dortch. The reservation in the deed which the latter executed to McCurry was sufficient to give him a valid subsisting lien against any subse-

quent lien created by McCurry, except in favor of one whose loan was expressly provided for in connection with the reservation. Any subsequent grantee of McCurry, or mortgagee taking a mortgage upon the property conveyed by Dortch, was bound to take notice of the lien created by the grantor in the deed to McCurry. Discussion of this proposition is· unnecessary. It has been ruled in a case substantially like the instant case. From the statement of facts in the case of *Atlanta Land & Loan Co.* v. *Haile,* 106 *Ga.* 498 (32 S. E. 606), it appears that Haile sold certain land to the Atlanta Land & Loan Co., conveying the same by an instrument purporting to be a warranty deed, which was duly recorded, and in this instrument the grantor reserved a lien on the land for the balance of the purchase-money note. Thereafter the grantee conveyed the land to Mrs. R. C. Haile, who claimed that she paid a valuable consideration therefor without actual notice of the reservation of the lien. In the course of the decision in that case it was said: "Under the view we take of this case, we think the undisputed evidence demanded a verdict for the plaintiff, and that the court did not err in directing the jury to so find. We think the court below was clearly right in concluding that the contract entered into by the parties when the property in dispute was sold by A. J. Haile to the company created a lien in favor of that grantor and his assigns upon the property for the payment of the purchase-money. This contract is evidenced by the deed, and the purchase-money notes specifically recite upon their face that such a lien is retained by the grantor. . . Even without this recital in the deed under which this defendant claims, she could not have obtained any greater title from the company than that company itself had; and we think she is chargeable with knowledge of the recitals in the deed by virtue of which her grantor held title. It is a well-settled principle of law, that recitals in deeds bind not only the parties thereto, but their privies in estate. Civil Code [1895], § 5150 [1910, § 5736]; *Lamar* v. *Turner,* 48 *Ga.* 329; *Cruger* v. *Tucker,* 69 *Ga.* 557, and authorities cited in the opinion of Speer, Justice, on page 562. The recital of the lien, therefore, in the deed from A. J. Haile to the company not only bound it, but Mrs. R. C. Haile as grantee of the company, she being its privy in estate." That decision rules the controlling question in this case. This is not a case where one sells land and con-

veys the same by an absolute deed and attempts afterwards to enforce a vendor's lien against a bona fide purchaser from the grantee in the absolute deed. Dortch was not relying, in this case, upon any vendor's lien. He was asserting a lien reserved in the deed of conveyance. That reservation will prevail against any one who afterwards took a conveyance from the grantee named in the deed in which the reservation appears.

*Judgment affirmed. All the Justices concur.*