## WYLEY LOOSE LEAF COMPANY *v.* BIRD.

1. Where the owner of land sold the same to another, taking from the latter his note in which it was recited that it was given for part of the purchase-money of the tract of land so sold, and where such owner executed a deed to the purchaser, in which it was recited that the deed was subject to a mortgage note of $200, payable to the owner or order, the effect of the deed was to reserve a lien or charge upon the land to secure the payment of the part of the purchase-money represented by said note.

2. Little formality is. required in this State to charge land with a lien; and it is sufficient if the instrument clearly indicates the creation of such a charge.

3. A subsequent vendee from such purchaser was bound by the above recital in the deed from the owner to the original vendee.

4. Where the holder of such note reduced the same to judgment, in which a specific lien was set up upon the land for the deferred payment of the purchase-money represented by said note, and where execution duly issued on such judgment, which was levied on the land, to which the ultimate vendee filed a claim, the court erred in directing a verdict for the claimant, the ultimate vendee taking the land subject to such charge.

No. 4524. NOVEMBER 14, 1924.

Claim. Before Judge Hardeman. Candler superior court. August 18, 1924.

*Kirkland & Kirkland, Bruce & Bruce,* and *R. O. Lovett,* for plaintiff.

*W. H. Lanier,* contra.

HINES, J. On December 14, 1915, T. J. Eady conveyed, by his deed to G. W. Brownlee, the land in dispute. On July 2, 1920, the Piedmont Investment Company executed and delivered to Brownlee its note for $200, payable to Brownlee or order, which recited that it was given for "part of purchase-money for 100-acre tract of land in Candler County, Georgia." On July 3, 1920, Brownlee by his deed conveyed this land to the Piedmont Investment Company. This deed contained this recital: "This deed is subject to a mortgage note of two hundred dollars payable to G. W. Brownlee or order." This deed was recorded August 6, 1920. On August 11, 1920, the Piedmont Investment Company by its deed conveyed this land to Harry Goldberg, who, on January 11, 1921, by his deed conveyed this land to George M. Bird, the claimant. Brownlee transferred in writing all his "rights, title, and interest to this purchase-money note," without designating the transferee. Wyley Loose Leaf Company brought suit on this note

against the Piedmont Investment Company as maker, and Brown-lee as indorser, to the March term, 1923, of the municipal court of Atlanta. The complaint in this case alleged that this note' was given for part of the purchase-money of the premises in dispute, and fully described the same. On March 29, 1923, plaintiff obtained judgment against the defendants. This judgment was made a special lien on this land. Execution was duly issued upon this judgment, to be levied generally of the property of the defendants, and especially of the premises in dispute in accordance with the judgment. This execution was duly levied, and the entry of levy recited that the claimant was in possession. On the hearing of the claim, the above facts appearing from the evidence introduced by the plaintiff, the claimant introducing no evidence, the trial judge directed a verdict in favor of the claimant. To this judgment the plaintiff excepted.

1. Did the able trial judge err in directing a verdict for the claimant? This depends upon whether Brownlee, in conveying this land to the Piedmont Investment Company, reserved a lien thereon for the unpaid purchase-money due him by said company. On one day this company executed to Brownlee its note in which it was recited that it was given to him in part payment of the land in .dispute. The next day Brownlee by his deed conveyed to this company this land, with the recital therein that it was made "subject to a mortgage note of two hundred dollars, payable to G. W. Brownlee or order." It is true that this note was not by its terms a mortgage note; but it was for the same amount as the note referred to in the deed, was payable to the same payee or order, was for part of the purchase-money of a tract of the same acreage, and located in the same county of this State, as conveyed by this deed. Taking the note and the deed together, the plain. purpose of the maker of the deed was to reserve a lien or charge on the land to secure the payment of the purchase-money of the land thereby conveyed. · Atlanta Land & Loan Co. v. Haile, 106 Ga. 498 (32 S. E. 606) ; George v. Dortch, 149 Ga. 20 (98 S. E. 605). Little formality is required in this State to create a mortgage, or to charge land with a lien. It is sufficient, to create a mortgage, to clearly indicate the creation of a lien, to specify the debt to secure which it is given, and the property upon which it is to take effect. Civil Code (1910), § 3257. Recitals in deeds bind not only the parties

thereto, but their privies in estate. Civil Code (1910), § 5736; *Lamar* v. *Turner,* 48 *Ga.* 329; *Cruger* v. *Tucker,* 69 *Ga.* 557; *George* v. *Dorlch,* supra. So the claimant was bound by the recital in the deed from Brownlee to the Piedmont Investment Company; and he can not escape the lien or charge created on this land by that conveyance. It follows that this land was subject to that lien or charge, and was subject to the judgment setting up this lien thereon, and to the levy of the execution which issued on this judgment.

*Judgment reversed.   All the Justices concur, except Atkinson, J., dissenting.*