DOE *v.* NEWTON; *et vice versa.*

Nos. 7690, 7730.   November 11, 1930.

*Morgan S. Belser* and *Chester A. Byers,* for plaintiff.

*Beck & Beck, Maddox & Futral,* and *D. R. Cumming,* for defendant.

HINES, J. (After stating the foregoing facts.)

The deed under which the plaintiff claims title to the land in dispute is set out in extenso in the statement of facts preceding this opinion. After reciting a consideration of ten dollars and "the fact that B. W. Doe, deceased, had given and delivered possession of the property herein conveyed to Amanda E. Doe prior to his death, but failed to make a deed," the grantors, who were the sole heirs at law of the donor, "do grant, bargain, and sell to Amanda E. Doe for and during her natural life, and at her death to be the property of Grantland W. Doe and such other child or children as the said Amanda E. Doe may have at the time of her death by . . Charles R. Doe," the premises in dispute. Recitals in deeds bind not only the parties thereto, but their privies in estate. Civil Code (1910), § 5736; *Lamar* v. *Turner,* 48 *Ga.* 329; *Cruger* v. *Tucker,* 69 *Ga.* 557; *Atlanta Land &c. Co.* v. *Haile,* 106 *Ga.* 498 (32 S. E. 606); *George* v. *Dortch,* 149 *Ga.* 20 (98 S. E. 605); *Wyley Loose Leaf Co.* v. *Bird,* 159 *Ga.* 246 (125 S. E. 496). Parties and privies in estate are bound by such recitals; and are estopped from denying the facts therein contained. So where a grantee accepts a deed to the property conveyed thereby, he is estopped to deny the truth of a recital that the grantor had

previously granted an easement or interest in the property to another person. *Toland* v. *Brewster,* 144 *Ga.* 236 (86 S. E. 1089). But in order to create an estoppel the recital in a deed must be specific, and will not extend beyond the specific facts contained in the recital. *Toland* v. *Brewster,* supra. As the plaintiff claims title under a deed from the heirs at law of B. W. Doe to his mother and her children, and as this deed contains a recital that the deceased had given and delivered possession of this land to the mother of the plaintiff, the plaintiff is bound by this recital in this deed, and is estopped to deny the same. He is, however, committed only to the fact of a parol gift of this land to his mother by the deceased and the possession thereof under the gift. The recital, as we have seen, will not be extended beyond the specific facts contained therein.

So one of the questions for decision in this case is whether a parol gift of land and possession thereunder, without more, vests in the donee title to the land given. A parol gift of land, accompanied by possession, based upon a meritorious consideration, is not of itself sufficient to pass title into the donee. *Thompson* v. *Ray,* 92 *Ga.* 285 (18 S. E. 59). This ruling was followed by this court in *Kemp* v. *Hammock,* 144 *Ga.* 717, 721 (87 S. E. 1030). In that case there was a parol gift of land by a grandfather to his grandson, accompanied by possession, and after the death of the donor, the donee made valuable improvements thereon. This court held that the gift of the land and possession thereunder were not sufficient to pass the title to the donee, and that the erection of valuable improvements thereon by the donee, after the death of the donor, would not render the gift complete. We know of no law in this State under which a parol gift of land, although accompanied with possession, without more, divests the donor of his title and vests the title in the donee. In cases where possession of land has been given under a voluntary agreement, or merely gratuitous promise, and valuable improvements have been made upon the faith thereof, equity will decree the performance of the agreement. Civil Code (1910), § 4636. In *Howell* v. *Ellsberry,* 79 *Ga.* 475 (5 S. E. 96), it was held: "Though a gift of land by a father to a son, made without writing, will, after the donee has added valuable improvements upon the faith thereof, be effectuated by a decree of specific performance, the legal title does not

pass merely by a parol gift and the making of such improvements. A decree of specific performance, obtained with proper parties before the court, is necessary to pass the legal title so as to recover thereon in ejectment or complaint for land, brought by the heir at law of the donee against a subsequent purchaser from the donor, to whom the latter has conveyed with general warranty of title." This ruling was followed in *Bell* v. *Mention,* 152 *Ga.* 625 (107 S. E. 878). Again, "The exclusive possession by a child of lands belonging originally to the father, without payment of rent, for the space of seven years, shall create conclusive presumption of a gift, and convey title to the child, unless there is evidence of a loan, or of a claim of dominion by the father acknowledged by the child, or of disclaimer of title on the part of the child." Civil Code (1910), § 4151. These are the only instances under the provisions of our law, of which we are aware, where parol gifts of land vest in donees title thereto.

The rule laid down in *Thompson* v. *Ray,* supra, is in harmony with the rule prevailing in other jurisdictions. "The general rule is that a parol gift of land is invalid and is ineffectual to pass title to the donee; and this is true even where the gift is accompanied by possession, unless such possession is adverse as against the donor and continues without interruption for the statutory period, or unless after taking possession the donee makes permanent and valuable improvements." 28 C. J. 655 (§ 56), n, and cases cited in the notes to this section. So we are of the opinion that a parol gift of land, though accompanied by possession with the consent of the donor, is not sufficient to vest title thereto in the donee, and to divest the donor of title thereto. In such a case the title still remains in the donor or his heirs. This case differs from *Stubbs* v. *Glass,* 143 *Ga.* 56 (84 S. E. 126), *Hitchcock* v. *Hines,* 143 *Ga.* 377 (85 S. E. 119), *King* v. *McDuffie,* 144 *Ga.* 318 (87 S. E. 22), and *Sikes* v. *Seckinger,* 164 *Ga.* 96 (137 S. E. 833). In those cases the grantors by deeds had conveyed all title to the lands embraced therein; and this court held that nothing passed under subsequent conveyances from the grantors to persons other than the grantees therein. So it follows that the holding of our learned brother in the court below to the contrary was erroneous. The legal title to this land still remained in the heirs of the donor at the time they conveyed the same to the mother of the plaintiff and

her children; and these heirs did by their deed convey such title to the mother of the plaintiff and her children.

■ But even if the mother acquired title to these lands by reason of this parol gift and possession thereunder, she could procure the holders of the legal title to convey the same to her for life, with remainders to her children; and this, in the absence of any valuable consideration as between her and her children, was equivalent to a gift of the remainder interests in this land by the mother to her children. Where a father purchased lands with his own funds, and caused title to be made by the vendor to himself as trustee for a minor daughter, this, in the absence of any valuable consideration between the two, was held to be equivalent to a gift of the land by the father to the daughter. *Cohen* v. *Parrish*, 105 *Ga.* 339 (31 S. E. 205). So where a husband bought land and caused a deed to his wife to be executed by the vendor, this court held that such conveyance amounted to a gift of the land by the husband to the wife, and operated to vest the title in her. *Marchant* v. *Young*, 147 *Ga.* 37 (92 S. E. 863). So in this case if the mother obtained title to this land under the parol gift from the father of her husband, accompanied with possession, and after the death of the donor she caused all his heirs at law, including her husband, to convey the premises to her for life and at her death to her children in remainder, this was equivalent to a gift by the mother to her children to the remainder interests in this land. So we are of the opinion that for this reason the trial judge erred in holding that the grantors in this deed did not have any title which they could convey to the mother for life and to her children in remainder.

■ The next question for decision is this: Did Grantland W. Doe take under the deed involved in this case the full remainder estate in the land thereby conveyed? The trial judge held that he did. The grant in the deed was "to Amanda E. Doe for and during her natural life, and at her death to be the property of Grantland W. Doe and such other child or children as the said Amanda E. Doe may have at the time of her death . . by Charles R. Doe." At the date of the execution of the deed Grantland W. Doe was in esse. Benjamin Doe was born after its execution, and died wifeless and childless before the death of the life-tenant. The life-tenant had no other children. The learned trial

judge held that the remainder to Grantland W. Doe was a vested remainder; and that the remainder to Benjamin Doe, who was born after the execution of this instrument, was a contingent remainder, contingent upon his being in life at the death of the life-tenant. In consequence of this contingency the judge below held that Benjamin Doe, who died before his mother, who was the life-tenant, took no remainder interest in this land; and that Grantland W. Doe took the full remainder interest therein at the death of the life-tenant. We agree to the conclusion reached by the trial judge, but not upon the ground which he bases this conclusion. The remainder to Grantland W. Doe was undoubtedly a vested remainder, and the trial judge so held. In our opinion the remainders to unborn children were contingent until they came into existence; but upon the birth of a child his remainder became immediately vested. *Holcombe* v. *Tuffts,* 7 *Ga.* 538; *Olmstead* v. *Dunn,* 72 *Ga.* 850; *Wilbur* v. *McNulty,* 75 *Ga.* 458, 466; *Fields* v. *Lewis,* 118 *Ga.* 373, 375 (45 S. E. 437); Ayton *v.* Ayton, 1 Cox Ch. 327, 29 Reprint, 1188; 21 C. J. 986 (§ 138), (3). The remainders under this deed were to the children of the life-tenant as a class. Remainders may be created for persons not in being; and if a vested remainder, it opens to take in all persons within the description coming into being up to the time of enjoyment commencing. Civil Code (1910), § 3679. A remainder limited to a class consisting of children vests in such of them as are in esse at the delivery of the deed, subject to open and let in any that may be afterwards born before the termination of the particular estate. The rule is that "When an estate is granted to one for life, and to such of his children as should be living after his death, the present right to the future possession vests at once in such as are living, subject to open and let in afterborn children, and to be divested as to those who shall die without issue." *Olmstead* v. *Dunn,* 72 *Ga.* 860. So where a devise was to Mary J. Lewis, wife of J. B. Lewis, and after her death then to her children who may be in life at her death, this court has recently held that the devise was one to the children of the life-tenant as a class, and that as there were members of the class in life at the death of the testator, the estates in remainder to those in being vested at the death of the testator, subject to be opened to let in afterborn children, and to be divested as to such children as should die before the death of their mother. *Fields* v.

*Lewis,* supra. This case was followed in *Calhoun* v. *Thompson,* 171 *Ga.* 286 (155 S. E. 183). So under the deed with which we are dealing the grant was to the mother for life, and at her death the property conveyed was to be the property of the son in being and of such other child or children as the life-tenant might have at her death. The grant to the children of the life tenant was to them as a class; and as one of the members of the class was in life at the date of the execution of the deed, the estate in remainder to this member was vested, subject to be opened to let in afterborn children, and to be divested as to such children as should die before the death of their said mother.

Even where the devise was not to a class, but to a daughter and at her death to a named son, if living, the remainder was a vested remainder and not a contingent one, and was subject to be divested by his death prior to the death of the mother. *McDonald* v. *Taylor,* 107 *Ga.* 43 (32 S. E. 879). This is the rule under the decisions of this court, although there may be no substitution of devisees or grantees as in the case of *Fields* v. *Lewis,* supra. We more readily reach the conclusion that the remainders to the unborn children of the life-tenant, under the deed which we are construing, became vested remainders upon their coming into existence, in view of the familiar principle that "The law favors vested remainders, and it is an established rule that the court never construes" a remainder "to be contingent when it can be taken to be vested." *Vickers* v. *Stone,* 4 *Ga.* 461; *Fields* v. *Lewis,* supra. The case of *Harris* v. *McDonald,* 153 *Ga.* 17 (111 S. E. 548), differs from the one at bar, in that it did not involve limitations to a class, and further because the limitation was "to such child or children, they being the heirs of her body (the life-tenant) that she may leave in life." But whether the remainders to the unborn children were contingent or vested is really immaterial in this case. There were two children born to the life-tenant, one before and the other after the execution of this deed. If the remainder to Benjamin Doe, who was born after the execution of this instrument, was contingent, as he died before the death of the life-tenant, he took nothing under this deed. If on the contrary, as we hold, the remainder to him became vested upon his coming into being, but was divested by reason of the fact that he died before the life-tenant, then he took no interest under this instrument. In either view of the

nature of the remainder to him, that is whether contingent or vested, he took no interest in the premises in dispute; and Grantland W. Doe took the full remainder interest in this land on the death of the life-tenant, who was his mother. This was the view of the trial judge, though he based his conclusion upon the fact that this remainder interest of Benjamin Doe was contingent. His conclusion being right, though bottomed upon wrong reasoning, does not require a reversal of his judgment which is complained of in the cross-bill of exceptions.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*