BIEDERMAN *v.* JONES *et al.*

No. 11508. NOVEMBER 12, 1936.

*Gilbert C. Robinson,* for plaintiff. *B. F. Neal,* for defendant.

GILBERT, Justice. Foys C. Biederman, a minor, suing through a next friend, excepted to the overruling of a motion for a new trial. The record shows two equitable proceedings between the same parties, seeking an injunction; also a trover suit which was dismissed by the plaintiffs therein. It contains also an amendment offered in one of the equitable proceedings, and exceptions pendente lite to an order sustaining a demurrer to the amendment.

Reduced to the material points involved in the controversy, the case is as follows: The petitioner Biederman owned a player-piano. It was traded by her father to the Jones-Hicks Auto Company, dealer in automobiles, for what appears to have been a second-hand Chevrolet car, which was immediately transferred by the father to the petitioner. Afterward this automobile was exchanged for another automobile with the same company, apparently on even terms, as no other basis is mentioned. Subsequently to this there was still another exchange of automobiles between the petitioner's father and the same company. In the last trade the father, who made all of the trades, signed an agreement to pay $125 difference. The petitioner alleges that the automobile company knew that the piano belonged to her; but since she nowhere at any time made objection to any of the trades, but accepted transfer of her father's interest in them, and now claims the last car as her own, she ratified all of the trades and claims title to the last one. Since she took her interests in the several cars, including the one last mentioned, through her father, she necessarily took subject to the incumbrances under the contract between her father and the automobile company. She admits in her pleadings that a part of that debt was due and unpaid. The automobile company claims a balance due of about $84 principal. The petitioner claims that not more than half of that amount is due. These admissions remove from the case all questions except the specific amount due, since the automobile company held a retention-title contract under which it was entitled to recover the automobile if the debt was not paid. It follows that the petitioner was not entitled to recover on any of the items claimed by her amendment; viz., actual damages for depreciation of the car by the automobile company, depreciation in the value of the car, expenses in recovering the automobile in the form of attorney's fees, and other expenses incident to the litigation, such as the expenses of making several trips to attend hearings, etc., and exemplary damages for humiliation and embarrassment to which she was subjected by two seizures of the car, which she claims were illegal. The automobile company can not be subjected to damages for claiming its own property under the contract ratified by the petitioner and under which she claims all of her alleged rights. The court properly analyzed the case in holding that the only issue

was as to the amount of the debt due to the automobile company, and directed a verdict for the automobile company for $84 plus interest. The court did not err in overruling the motion for new trial. *Judgment affirmed. All the Justices concur.*