MITCHELL, executrix, *v.* HUNT *et al.*

No. 12133. MARCH 12, 1938.

*J. B. Jones* and *Joseph H. Blackshear,* for plaintiff in error. *Wheeler & Kenyon,* contra.

ATKINSON, Presiding Justice. Mrs. Nancy Bryan died, leaving her husband and ten children. One of these, Mrs. Palmer, and the children of her deceased sister, Mrs. Hunt, brought complaint for land against W. A. Mitchell, to recover 2/11 undivided interest in described land with mesne profits. In the petition as amended the land was alleged to contain 75 acres known as the Monroe Buffington place. The plaintiffs claimed title by inheritance directly and remotely from Mrs. Nancy Bryan. The jury returned a verdict for the plaintiffs. A new trial was refused, and exception to that judgment was taken by the defendant's executrix, he having died.

■ "Recitals in deeds bind not only the parties thereto, but their privies in estate. Civil Code (1910), § 5736 [1933, § 38-114]; *Lamar* v. *Turner,* 48 *Ga.* 329; *Cruger* v. *Tucker,* 69 *Ga.* 557; *George* v. *Dortch,* 149 *Ga.* 20 (98 S. E. 605)." *Wyley Loose Leaf*

*Co.* v. *Bird,* 159 *Ga.* 246 (3) (125 S. E. 496). The several deeds executed by heirs of Nancy Bryan, conveying their 9/11 undivided interest now asserted by the defendant under such deeds, substantially refer to the land as the home place of Nancy Bryan at the time of her death, and as descending to the grantors as heirs at law of Nancy Bryan. Under application of the above principle these recitals are binding upon the defendant as a privy in estate. These deeds were offered in evidence by plaintiffs for the purpose of showing that plaintiffs and defendant claim title from a common propositus (referring to Mrs. Nancy Bryan), and that defendant had bought the interests of the other nine heirs of Nancy Bryan. The evidence was admissible for such purposes, and the judge did not err in admitting the deeds over the defendant's objection that they were irrelevant and immaterial.

■ "The exclusive possession by a child of lands belonging originally to the father, without payment of rent, for the space of seven years, shall create conclusive presumption of a gift, and convey title to the child, unless there shall be evidence of a loan, or of a claim of dominion by the father acknowledged by the child, or of a disclaimer of title by the child." Code, § 48-106. The testimony of Mrs. Palmer and Miss Maggie Buffington, considered together, authorized a finding that Berrien Buffington divided his property between his children before any of them were married, donating to each by parol separate tracts, and that his daughter Nancy married in the early seventies (1870-1872), and thenceforth until her death in 1900 maintained exclusive possession of the land in virtue of the gift, without payment of rent or evidence of a loan, or claim of dominion by the father acknowledged by the child, or disclaimer of title on the part of the child, thus covering a period of more than seven years during the life of the donor and before his execution of the deed to his son, J. P. Buffington, in 1899; also that the grantee in that deed had actual notice of the parol gift at the time the deed was executed, as illustrated by his "understanding" with the grantor that he would make deeds to all the other donees (by parol) according to the said division among the children of the donor. Under the pleadings and the evidence, the judge did not err in giving the foregoing Code section in charge to the jury, as complained of in the motion for new trial, on the ground, as contended, that it was not applicable to the

pleadings and the evidence, and was calculated to confuse the jury.

■ The court charged: "If you ascertain from the evidence, and under the rules of law I have given you in charge, there was a parol gift of this property by Berrien Buffington to Nancy Bryan, if that gift is evidenced and proved to you by a preponderance of the evidence, and in the way indicated by the law, and shown to you in that way under the testimony in the case, then I charge you . . that Nancy Bryan under the alleged parol gift would have title to this property, and . . on her death the . . property would descend by inheritance to her husband, if living, and to her children." This charge was not erroneous, as contended, because it "stated a principle of law inapplicable to pleading and evidence in the case, the evidence showing, as movant contends, that at the time of the claimed gift . . Berrien Buffington had already sold the property and conveyed it by deed, and that plaintiff's mother was a party to it, knew all about it and at the time knew Berrien Buffington was selling and deeding the property to J. P. Buffington, and there was 'no evidence that W. A. Mitchell knew anything about any claim on the part of the mother of the plaintiffs."

■ The motion for a new trial complains of omissions to charge without request. The facts stated in the motion do not accurately conform to the evidence in the record, and it is not clear what instruction was desired. This assignment of error shows no cause for reversal.

■ The evidence was sufficient to support the verdict for the plaintiffs, and there was no error in refusing a new trial. See *Palmour* v. *Mitchell*, 174 *Ga.* 452 (163 S. E. 193).

*Judgment affirmed. All the Justices concur.*