WILLIAMS *v.* HARRIS *et al.*, trustees.

CANDLER, Justice. The Providence Baptist Church, an unincorporated religious society, by and through Oscar Harris, Robert Hicks, Bennie Porter, and A. H. Walker, its trustees, filed an equitable suit in the Superior Court of Fulton County against John W. Williams, alleging that he had entered upon and was continually committing wilful, wrongful, and malicious acts of trespass on its described land. An injunction, damages, attorney's fees and general relief were prayed for. The petition was not demurred to. As shown by the record, the defendant John W. Williams, on May 10, 1948, sold and conveyed to the plaintiff by warranty deed "all that tract or parcel of land lying and being in the City of Atlanta, in land lot 109 of the 14th. district of Fulton County, Georgia, and more particularly described as follows: Beginning at the northeast corner of Larkin street and Maher street, as now located; thence north along the east side of Maher street 100 feet to a stake; thence east a distance of 63 feet to a stake; thence south a distance of 98 feet to a stake on the north side of Larkin street; thence west along the north side of Larkin street a distance of 63 feet to the corner of Larkin street and Maher street, the point of beginning; being a part of the property conveyed by W. L. Randall to Chris D. Matrangos on April 9, 1930 (Deed Book 1307, page 204) and conveyed by C. F. Morris to John W. Williams, April 28, 1937 (Deed Book 1660, page 437)." The

plaintiff, immediately after its purchase from the defendant Williams, had a survey and plat of its tract made by a competent surveyor, and the four corners of its land were at that time marked by stakes set in the ground, and the stake at the southwest corner of its land—the corner at the intersection of Larkin and Maher Streets—was set at a point 163 feet east of the intersection of Larkin and Roach Streets. The defendant now owns the adjacent land north and east of the church's property. The land involved in this litigation is a strip 6 feet wide and 98 feet long. The plaintiff contends that it is a part of its boundary, and was conveyed to it by the defendant. The defendant insists that it is a part of his land, and that the descriptive averments of his deed to the church do not embrace it. The controversy actually arises from a dispute between the parties concerning the true location of the beginning point of the church property at the intersection of Larkin and Maher Streets. The plaintiff contends that it is at a point six feet east from the street curbing, and that 63 feet east along the north side of Larkin Street, when measured from that point, will include the disputed area within its boundary. On the other hand, the defendant insists that it is at the street curbing, and that 63 feet east along the north side of Larkin Street, when measured from that point, will exclude the disputed area from the plaintiff's boundary. The plaintiff contends that the defendant Williams is claiming the property in question in bad faith, has repeatedly removed the stakes which mark the established corners of its property, has taken actual possession of the disputed area, and has deprived it of the right to occupy, use, and enjoy its property by the erection and maintenance of a permanent barricade constructed of 2x4 timbers; and that the defendant's wilful, wrongful, and malicious acts constitute a continuing trespass which can not be adequately compensated for by an award of damages. The plaintiff has incurred an expense of $25 in having a surveyor reset its corner stakes, and an additional expense of $250 as attorney's fees for the preparation and filing of this action, and also an obligation to pay further reasonable attorney's fees for subsequent legal services in prosecuting this suit. The defendant contends that the land in dispute belongs to him; that the plaintiff is undertaking wilfully, maliciously, unlawfully, and without just compensation to take a portion of his land; and that he has in good faith, and not otherwise, undertaken to protect his property against an unjust claim. On the trial, and after both sides had introduced their evidence, the trial judge directed the jury to find that the defendant was guilty of a trespass, and that the plaintiff was entitled to a permanent injunction, as prayed for; also to nominal damages. He submitted to the jury the amount of nominal damages to be assessed for the trespass. He also fully charged on § 20-1404 of the Code relating to the allowance of attorney's fees as an expense of litigation. The jury found that the plaintiff was entitled to recover $300 as nominal damages and $500 as attorney's fees. A motion for new trial, based on the usual general grounds, was filed and later amended by adding several special grounds. Before the motion for new trial was passed on, the plaintiff voluntarily wrote off of the verdict and judgment for nominal damages the sum of $285,

leaving $15 therefor. The amended motion for new trial was then overruled and the exception is to that judgment. *Held*:

1. Recitals in deeds bind not only the parties thereto, but their privies in estate. Code, § 38-114; *Wyley Loose Leaf Co.* v. *Bird*, 159 *Ga.* 246 (3) (125 S. E. 496); *Mitchell* v. *Hunt*, 185 *Ga.* 835 · (196 S. E. 711). In other words, the parties to a deed, and those claiming under it, are estopped by its recitals; and from an application of that rule it necessarily follows that one cannot claim under a deed and at the same time deny its terms. *McClesky* v. *Leadbetter*, 1 *Kelly* 557; *Thrower* v. *Wood*, 53 *Ga.* 458, 468; *George* v. *Dortch*, 149 *Ga.* 20 (98 S. E. 605). In the instant case, the defendant's deed to the plaintiff refers to deeds from C. F. Morris to himself and from W. L. Randall to Chris D. Matrangos; and those deeds by reference to others show that the parties to this litigation hold their respective lands under a chain of title beginning with a recorded deed from James W. English Jr., to H. Wolfe and D. Saban, dated May 5, 1911. For the purpose of showing, by the recitals thereof, that Larkin Street and Maher Street, as now located, intersect, as the plaintiff contends, at a point 163 feet east of the intersection of Larkin and Roach Streets—a point about which there is no dispute—the plaintiff offered in evidence duly certified copies of certain deeds which are links in its and the defendant's chain of title; and, also, a plat of the Maher Subdivision, as made in 1882, and recorded in Fulton County on January 6, 1916, of which the parties' lands are now a part. These several instruments, when separately offered, were objected to by the defendant on the grounds: that they were irrelevant, immaterial, incompetent, and prejudicial; that it was not necessary for the plaintiff to prove title back of the defendant—its grantor; and that the recitals of the proffered instruments, locating the intersection of Larkin Street and Maher Street, as now located, at a point 163 feet east of the intersection of Larkin and Roach Streets, are hearsay evidence, of no probative value. Over the objections made thereto, we do not think the court erred in admitting the instruments in evidence. Their recitals as to the location of the intersecting point of Larkin Street and Maher Street, as now located, are unquestionably specific descriptive averments of the property conveyed thereby; and, hence, not merely hearsay evidence of that, as the defendant contends. The intersecting point of Larkin Street and Maher Street, as now located, was, as the record shows, the controlling question in this litigation, and for the purpose of proving that fact the instruments offered as evidence were undoubtedly material; and this is especially true in view of the fact that the defendant's contention respecting the true location of the intersecting point of the two named streets is based entirely upon the descriptive averments recited in the deeds of his several predecessors in title, there being no claim by him that it has been changed to a different point by acquiescence or otherwise. And those instruments, together with others introduced in evidence without objection, show indisputably that the parties ·to this litigation claim and hold their respective land under a chain of title which places the intersecting point of Larkin and Maher Streets, as the latter is now located, at a point which is 163 feet east of the intersection of Larkin and Roach Streets; and by those recited descriptive averments they are bound.

2. The direction of a particular verdict is not error when, under the pleadings and the evidence, no other legal verdict could be reached. Code, § 110-104; *Biederman* v. *Jones,* 183 *Ga.* 351 (188 S. E. 519). In the present case, the evidence shows beyond any question that the plaintiff purchased the land here involved from the defendant, and now has title to it which the defendant is in law estopped to dispute. In like manner, it also shows that the defendant has repeatedly removed the stakes which mark the established corners of the plaintiff's boundary on the east, has wrongfully taken actual possession of the property he conveyed to the plaintiff, by the erection and maintenance of permanent obstructions has excluded the plaintiff from it, and, by such wrongful acts, has deprived the plaintiff of its legal right, as the owner thereof, to occupy, use and enjoy it. In those circumstances, a verdict finding that the plaintiff was entitled to a permanent injunction to prevent a continuation of the trespass, and to nominal damages for the commission of a wrongful act, was demanded by the evidence, and the court did not err, as the defendant contends, in directing the jury to so find; and this is true because equity will, by injunction, repress a continuing trespass *(Key* v. *Stringer,* 204 *Ga.* 869, 52 S. E. 2d, 305), and because nominal damages are always allowed for any tortious invasion of a property right, though no actual damage results therefrom. *Swift* v. *Broyles,* 115 *Ga.* 885 (42 S. E. 277, 58 L.R.A. 390). The law infers some damage from the invasion of a property right; and if no evidence is given of any particular amount of loss, it declares the right by awarding what it terms "nominal damages." 15 Am. Jur., 390, § 5; *Price* v. *High Shoals Manufacturing Co.,* 132 *Ga.* 246 (64 S. E. 87, 22 L.R.A. (NS) 684).

3. Attorney's fees as expenses of litigation are not punitive or vindictive damages, but stand alone, are regulated by Code, § 20-1404, and the jury may allow them if the defendant has acted in bad faith in the transaction out of which the cause of action arose. *Mosely* v. *Sanders,* 76 *Ga.* 293; *Traders Insurance Co.* v. *Mann,* 118 *Ga.* 381 (45 S. E. 426); *O'Neal* v. *Spivey,* 167 *Ga.* 176 (145 S. E. 71); *Grant* v. *Hart,* 197 *Ga.* 662, 671 (30 S. E. 2d, 271), and the cases there cited. The jury, under the facts and circumstances of this case, was fully authorized to find, as it did, that the defendant's wrongful invasion of the plaintiff's property right was in bad faith; and the award of $500 for attorney's fees is abundantly supported by evidence.

4. None of the remaining special grounds of the motion for new trial, as amended, show any cause for a reversal of the judgment complained of. Consequently, no error is shown by the record.

*Judgment affirmed. All the Justices concur.*

No. 17315. FEBRUARY 13, 1951.

*John H. Hudson* and *J. W. LeCraw,* for plaintiff in error.
*Grant, Wiggins, Grizzard & Smith,* contra.