## KELLY *vs.* SIMMONS *et al.*

Where an insolvent debtor made a voluntary conveyance to his wife and daughters, who conveyed to certain purchasers with notice, and upon the agreement that such purchasers would pay the debts of the husband and father,—if one of his creditors reduced his claim to judgment and levied on the land so conveyed, it was subject thereto.

(*a.*) Such transactions between husband and wife and children should be closely scanned, and where the purchasers under the wife and daughters interposed a claim to such levy, it was incumbent on them to have shown the *bona fides* of the transaction.

(*b.*) Recitals in the deed from the debtor to his wife and daughters, stating the consideration thereof to be a debt due by him to them, were not evidence against a creditor, and it was incumbent on the claimants to have shown them to be true.

October 2, 1884.

Debtor and Creditor. Husband and Wife. Parent and Child. Volunteers. Deeds. Evidence. Consideration. *Bona Fides.* Before Judge FORT. Lee Superior Court. March Term, 1883.

Reported in the decision.

D. A. VASON; G. W. WARWICK, for plaintiff in error.

GUERRY & SON; E. G. SIMMONS; HAWKINS & HAWKINS, for defendants.

BLANDFORD, Justice.

Sanders W. Lee made a conveyance by deed to his wife and three daughters to certain lands, which recited the consideration to be for certain indebtedness on his part as trustee for his wife. He was insolvent at the time, and owed the debts, the foundation of the judgments and executions of plaintiff in error. The plaintiff caused the executions against Lee to be levied on certain lands, which were claimed by the defendants in error. On the trial of the claim case, the plaintiff in execution put in evidence

the deed from Lee to his wife and three daughters to the land levied on; also a deed from the wife and daughters to Mrs. Simmons to the same land, and a deed from Mrs. Simmons to one undivided half interest in the land to Byrom. The plaintiff also proved by Mrs. Lee and one of her daughters that this land was sold to Mrs. Simmons for a certain sum of money, and that Byrom was present, and that Mrs. Simmons and Byrom were to pay the debts against Sanders W. Lee's estate, the debt of the plaintiff in error being one.

The sole question in this record is, under the facts, was the land subject to the executions of plaintiff in error? We think so. A transaction of this kind between husband and wife and children should be scanned closely; it was incumbent on claimants to have shown the *bona fides* of this transaction; the recitals in the deed from Lee to his wife and daughters were no evidence against the plaintiff in execution, and it was incumbent on the claimants, under the facts of this case, to have showed they were true, the presumption being that this deed was voluntary; and furthermore, the uncontradicted evidence in the record is, that when claimants purchased this land from Mrs. Lee and her daughters, they knew that Mrs. Lee and her daughters were mere volunteers; claimants agreed to pay this debt of plaintiff in error; it was part of the consideration of their purchase. So it is clear and manifest, uncontradicted by them, that they knew that their vendors were mere volunteers, that the debt of plaintiff was to be paid; and not to pay this debt, under these facts, would be a fraud of the grossest character—such a fraud as this court cannot sanction. If these claimants want to keep the land levied on, they must pay the plaintiff the debts which he holds on Sanders W. Lee. See 69 *Ga.,* 557.

A new trial should have been granted, upon the ground that the verdict of the jury is without evidence to support it.

Judgment reversed.