## WELLS *v.* BLITCH.

No. 11110.   JULY 16, 1936.

*W. T. Burkhalter,* for plaintiff.
*C. L. Cowart* and *H. H. Elders,* for defendant.

RUSSELL, Chief Justice. After careful consideration of the record and the assignments of error in the motion for new trial, and the briefs of counsel, we have reached the conclusion that, considering alone the three general grounds of the motion, the court erred in overruling the motion. In this view, it would be a useless consumption of time to deal with any of the numerous special grounds of the motion. It is not only unlikely that the same questions will arise upon another trial, but if this should be the case, they will appear in a different form, in view of what we shall hereafter say in the course of this opinion. The following facts are uncontradicted in the evidence: D. E. Lynn, the defendant in fi. fa., is a brother of the plaintiff, Mrs. Lilla Belle Wells. In 1927 Lynn sold his sister a tract of land for which she paid him in money $1,500. The land was at the time encumbered by a security deed, from which Lynn told his sister he could release the land by paying $1,000, and on the faith of this representation Mrs. Wells paid him the $1,500. In the record are a number of circumstances which developed clearly that Lynn had no intention of fulfilling the trust imposed upon him by his promise to his sister. The close relationship existing between them is sufficient, if the testimony be believed, to create, not an ordinary bargain at arm's length, but to make a fiduciary relation. In May, 1930, the land was sold by the holder of the security deed, in natural sequence to Lynn's failure to carry out his fraudulent representation to his sister.

The plaintiff in fi. fa. filed a suit against Lynn. The petition contained, among other allegations, the statement, "that at the time the said defendant, D. E. Lynn, made the said warranty deed to your petitioner, there was outstanding a legal title of said premises in and to the International Life Insurance Company, . . placed on it by deed of conveyance from one Jeff Lynn, . . the grantor of the said D. E. Lynn, . . subject to the title in said insurance company, . . who obligated to pay off and discharge the said loan debt at the time of his purchase from Jeff Lynn, and again he so promised your petitioner at the time he sold and conveyed to your petitioner for $1,500 in cash the 185 acres of land embraced in the first description of the land above described. But, acting in bad faith and contrary to good conscience, . . D. E. Lynn failed to use the specific sum of $1,500

she paid to him for her said purchase of land in cash, which he was to use in paying off the said loan deed debt to the said International Life Insurance Company." Recovery of interest on $1,500 is prayed, and it is alleged by petitioner that "D. E. Lynn is due her 7 per cent. interest from the 4th day of April, 1928, on the $1,500 she paid him . . for the 185 acres of land, more or less, because of the fraud he perpetrated on her in failing to apply the $1,500 on the said loan deed debt on the 542 acres of land including the 185 acres, more or less, of the said land." Also it is alleged that "because of the bad faith of the said defendant, D. E. Lynn, and because of the breach of warranty he made to her for the said land, he knowing at the said time he did not have title in fee simple to the same, because he knew at the said time the legal title to the said land was at said date of her purchase in the said International Life Insurance Company, . . and because after he received the said $1,500 from your petitioner he agreed to pay it on the said debt to the said insurance company, and because he sold off a portion of the said 542 acres of land in addition to petitioner's purchase to one M. C. Oliver, containing 69-1/2 acres, more or less, for $1,300 and received $800 in cash on this sale, which he obligated to pay on the said loan debt, which amount added to the $1,500 received from your petitioner would more than have paid off the balance due on the loan debt at the time he received the said amounts, and which he agreed to apply on the said loan deed debt when the same was received." Also, "that because of the facts hereinbefore alleged it conclusively appears that she lost the tract of land that she bought from the defendant, D. E. Lynn, containing 185 acres, more or less, and lost the $1,500 she paid the said D. E. Lynn for the said tract of land, and thereby the warranty of title he made to her in his said deed of conveyance . . has totally failed; hence she is entitled, as a matter of fact and law, to recover of D. E. Lynn her said $1,500 with interest at 7 per cent. per annum from the date of purchase to the date of its payment back to her."

From the petition of Mrs. Wells it is clearly to be seen that while the warranty of title is mentioned, and a copy of the warranty taken from the deed is set forth, the case of the plaintiff, properly construing the word "debt," several times used as being the equivalent of "entrusted," sets forth a sufficient allegation

of fraud, since no demurrer was filed on the ground that the allegations of fact constituting a fraud were not fully set forth. On the trial Mrs. Wells recovered judgment for $1,976.88 principal, with interest. The execution issuing on this judgment was levied upon three lots of realty in Collins, Tattnall County. Blitch interposed a claim. The entry of the levying officer shows that the property levied on was in the possession of D. E. Lynn, the defendant in fi. fa. The claimant admitted a prima facie case in favor of the plaintiff in fi. fa. It was stipulated and agreed that the descriptions of the real estate in the entry of levy and in the claim affidavit were correct. The claimant introduced a warranty deed from D. E. Lynn to Mrs. Minnie Lynn, dated March 1, 1930, recorded April 16, 1930, purporting to convey title to one of the lots of land, the consideration recited being $50 and love and affection, and two similar deeds conveying the remainder of the three lots, of the same date and record; also three warranty deeds from Mrs. Minnie Lynn to W. A. Blitch Jr., dated December 20, 1932, recorded December 28, 1932, one of them purporting to convey, for a named consideration of $2,000, another for a named consideration of $300, and the third for a named consideration of $150. The claimant introduced no evidence that any consideration was in fact paid for these deeds.

In view of the fact that the claimant had admitted a prima facie case in favor of the plaintiff in fi. fa., the mere admission of the purported deeds amounted to nothing. In *Cruger* v. *Tucker,* 69 *Ga.* 557, it is ruled: "The recitals in a deed are only binding on the parties thereto and those claiming under them; they are not evidence against one who does not claim under any of the parties to it, either as a privy in law or in estate. . . Creditors of a grantor who attacked a deed made to a trustee for his wife and children, as fraudulent and void, and sought to enforce their [the creditors'] claims against the property, were not bound by the recitals of such deed." In delivering the opinion of the court Mr. Justice Speer said: "There is an exception made that the court charged the jury, 'that the recitals in the deed from Cruger to Jennings, trustee, are not evidence as to third parties; that it must be proved to your satisfaction that he owed the estate this debt;' and also erred in reading section 1952 of the Code [Code of 1933, § 28-201] in this connection,—plaintiff insisting said recitals

were evidence binding on Cruger and his privies, the weight of which was for the jury. . . In the case of Doe, ex dem. of Lamar, *vs.* Turner, tenant in possession, this court said: 'The recitals in a deed only bind the parties to that deed and those claiming under them, but are not evidence against one who does not claim under any of the parties to it, either as a privy in law or as a privy in estate, but under a title wholly independent of them.' 48 *Ga.* 329. In the case of *Hanks, adm'r,* vs. *Phillips,* it was ruled: 'Recitals in a private deed only bind parties and privies, and are not evidence against one not claiming under the deed.' 39 *Ga.* 550. A like ruling was also had in 40 *Ga.* 479. In the case of Penrose *vs.* Griffith, 4 Binney (Penn. Rep.) 231, it was held: 'A deed containing recital of another deed is evidence of the recited deed against the grantor, and all persons claiming by title derived from him subsequently; but it is not evidence against one who claims from him by title prior to the deed which contains the recital, nor is it evidence against a stranger.'"

In *Kelly* v. *Simmons,* 73 *Ga.* 716, it was held: "Where an insolvent debtor made a voluntary conveyance to his wife and daughters, who conveyed to certain purchasers with notice, and upon the agreement that such purchasers would pay the debts of the husband and father,—if one of his creditors reduced his claim to judgment and levied on the land so conveyed, it was subject thereto. (*a*) Such transactions between husband and wife and children should be closely scanned, and where the purchasers under the wife and daughters interposed a claim to such levy, it was incumbent on them to have shown the bona fides of the transaction. (*b*) Recitals in the deed from the debtor to his wife and daughters, stating the consideration thereof to be a debt due by him to them, were not evidence against a creditor, and it was incumbent on the claimants to have shown them to be true." With the substitution of "wife" for "wife and daughters," we think that the rulings in the *Kelly* case are applicable to the case at bar. The evidence disclosed that Lynn was not only insolvent, but bankrupt. The conveyances to his wife, if they proved anything, only showed voluntary conveyances, and the conveyances to Blitch, as appears from the record, were not only without consideration, but his relations to Lynn and his wife were such as would have authorized a jury to impute notice. In delivering the opinion of the court in the

*Kelly* case, Mr. Justice Blandford said: "The sole question in this record is, under the facts, was the land subject to the executions of plaintiff in error? We think so. A transaction of this kind between husband and wife and children should be scanned closely; it was incumbent on claimants to have shown the bona. fides of this transaction; the recitals in the deed from Lee to his wife and daughters were no evidence against the plaintiff in execution, and it was incumbent on the claimants, under the facts of this case, to have showed that they were true, the presumption being that this deed was voluntary; and furthermore, the uncontradicted evidence in the record is, that when claimants purchased this land from Mrs. Lee and her daughters, they knew that Mrs. Lee and her daughters were mere volunteers; claimants agreed to pay this debt of plaintiff in error; it was part of the consideration of their purchase. So it is clear and manifest, uncontradicted by them, that they knew that their vendors were mere volunteers, that the debt of plaintiff was to be paid; and not to pay this debt, under these facts, would be a fraud of the grossest character—such a fraud as this court can not sanction. If these claimants want to keep the land levied on, they must pay the plaintiff the debts which he holds on Sanders W. Lee. See 69 *Ga.* 557. A new trial should have been granted, upon the ground that the verdict of the jury is without evidence to support it." The questions whether the representations of Lynn to his sister were made with fraudulent intent, and whether or not Blitch accepted the deeds without any consideration, as a participant in the fraud in this case, were not for a court but for a jury. Fraud being subtle in its nature, slight circumstances may be sufficient to carry conviction of its existence. Rare indeed, if ever, are the cases in which there can be said to be direct proof of fraud.

The claimant insists that he was entitled to the verdict rendered in his behalf, on the ground that Lynn was adjudicated a bankrupt in 1934, and thereby discharged of the obligation of any liability to Mrs. Wells, the plaintiff in fi. fa. In section 17 of the bankruptcy act of 1898, as amended in 1903, it is provided as follows: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as . . are liabilities for obtaining property by false pretenses or false representations." We have already said that in our opinion the evidence is suffi-

cient to authorize a finding that Lynn procured the $1,500 by "false pretenses," or "false representations"—a fraud upon his sister while sustaining a fiduciary relation to her. The weight of the circumstances indicating the fraud worked upon the plaintiff in fi. fa. is a question for a jury, and in this case the jury were prevented from having an opportunity to say what is the probative value of these circumstances, by the court directing the verdict. A discharge in bankruptcy does not release a bankrupt from liability for obtaining property by false pretenses or false representations. It was for the jury to determine whether the circumstances adduced, even though they were slight, were sufficient to carry conviction of the existence of fraud perpetrated by false pretense or false representations, and it was error to direct a verdict, because the verdict was contrary to the law and the evidence. A false representation may consist in obtaining the money of another upon the faith that it will be used for the purpose for which the trust was extended, when the person so entrusted with the money had no present purpose of using it for the purpose which he declared would be subserved, and in future contemplation of a fraudulent bankruptcy. It is true that in order to avoid the discharge of Lynn it was incumbent on the plaintiff to show that the liability on the judgment survived in spite of the discharge; but we think the evidence would have authorized a jury to find that the money entrusted to Lynn by his sister was obtained by false pretenses or false representations, and the duty of weighing the various facts and circumstances introduced, and of determining whether they could reasonably support the conclusion that the money was obtained with fraudulent intent, was at last one for the jury. Fraud is not to be presumed, but slight circumstances may suffice to carry conviction of its existence. To accept money as one's agent, without a present intention of using the money as directed for the benefit of the bailor, is a false representation of one's intention, and will avoid a discharge. The intent with which a promise which has been violated was made is for the jury. In the record are a combination of facts and circumstances from which a jury might have inferred that the money was taken by the defendant with such a purpose. It is at least significant that the property, after the execution of the deeds, is still in the possession of the defendant in fi. fa., and that no evidence has been

introduced to verify, in the manner heretofore pointed out, that any consideration passed in any of the conveyances. To the contrary, it appears from the record that upon a hearing in the bankruptcy court the defendant asserted that there was no consideration in any of the conveyances executed to his wife, which property she in turn conveyed to Blitch.

*Judgment reversed. All the Justices. concur, except Bell, J., who dissents.*