In the Matter of: Richard FLANZBAUM, Debtor.

Dennis L. TRACHSEL, Plaintiff,

v.

Richard FLANZBAUM, Defendant.

Bankruptcy No. 80–00920–BKC–SMW.

United States Bankruptcy Court, S. D. Florida.

Dec. 22, 1980.

N. Richard Schopp, Port St. Lucie, Fla., for Richard Flanzbaum, as defendant.

Chad P. Pugatch, Fort Lauderdale, Fla., for plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE coming on to be heard upon a complaint objecting to discharge and dischargeability pursuant to Interim Bankruptcy Rule 7001, and 11 U.S.C. § 523 and 11 U.S.C. § 727, filed herein by Plaintiff, DENNIS L. TRACHSEL, against the Debtor, RICHARD FLANZBAUM, and the Court, having heard the testimony and examined the evidence presented; observed the candor and demeanor of the witnesses; considered the arguments of counsel; and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

On March 27, 1978, the Plaintiff, DENNIS L. TRACHSEL, and the Defendant, RICHARD FLANZBAUM, the Debtor herein, entered into a stock purchase agreement whereby the Plaintiff was to purchase, for the total sum of Seventy Three Thousand, Five Hundred and 00/100 Dollars ($73,500.00), a forty nine percent (49%) stock interest in corporations known as TREASURE COAST BUILDERS, INC., and LANDMARK INVESTMENTS, INC., subsequently known as LANDPOWER INVESTMENTS, INC.

The stock purchase agreement, introduced into evidence, provided for certain matters to be performed by Defendant, RICHARD FLANZBAUM, on or before April 10, 1978, including the furnishing of a non-compete agreement, the furnishing of a security bond in the amount of Fifty Thousand and 00/100 Dollars, ($50,000.00), the furnishing of a balance sheet for the corporations with a closing date of March 20, 1978, the issuance of corporate stock, and the furnishing of a list of purchasers of properties for both of said corporations (by April 15, 1978).

Plaintiff, DENNIS L. TRACHSEL, deposited the sum of Seventy Three Thousand, Five Hundred and 00/100 Dollars ($73,500.00), with the corporations' attorney, one HAROLD H. GOLDMAN, Esquire.

Despite the fact that most of the above items were not accomplished by the agreed date of April 10, 1978 or April 15, 1978, as the case may be, Defendant, RICHARD FLANZBAUM, obtained release of the Seventy Three Thousand, Five Hundred and 00/100 Dollars ($73,500.00), deposited with Mr. Goldman and utilized same for the purchase of properties and otherwise.

The said stock purchase agreement also provided for the transfer of certain lots by the Defendant from LANDMARK INVESTMENTS and/or LANDPOWER INVESTMENTS to Defendant or a new corporation to be formed by him, so long as title of said lots was in the name of LANDMARK INVESTMENTS, INC. and/or LANDPOWER INVESTMENTS, INC. or RICHARD FLANZBAUM *prior* to March 20, 1978. Apparently utilizing corporate funds put up by Mr. Trachsel, LANDMARK INVESTMENTS, INC., purchased three lots subsequent to March 20, 1978, the deeds having been introduced into evidence at the trial herein, and said properties being described as follows:

(a) Lot 2, Block 696, Port St. Lucie Section 18, as per plat thereof recorded in Plat Book 13, Pages 17 and 17A through 17K, Public Records, St. Lucie County, Florida;

(b) Lot 33, Block 616, Port St. Lucie Section 18 as per plat thereof recorded in Plat Book 13, Page 17, of the Public Records of St. Lucie County, Florida;

(c) Lot 4, Block 127 of SOUTH PORT ST. LUCIE UNIT 4, as per plat thereof recorded in Plat Book 13, Pages 11 and 11A–11C, of the Public Records of St. Lucie County, Florida.

Despite Defendant having not complied with the majority of items set forth above by the agreed date, title to these lots was conveyed to a corporation, newly formed, known as SUERICH ENTERPRISES, INC., one hundred percent (100%) of the stock of which was owned by Defendant, RICHARD FLANZBAUM. There was no consideration to LANDMARK INVESTMENTS, INC. for the transfer of these three properties, which was accomplished

by deeds introduced into evidence herein and recorded on June 5, 1978.

The said stock purchase agreement further provided, on "supplement A", a statement signed by Defendant, RICHARD FLANZBAUM, certifying that, as to Lot 2, Block 765 Southwest Port St. Lucie Boulevard, containing a model house, said property had an appraised value of Forty Five Thousand and 00/100 Dollars ($45,000.00), and a mortgage on it, balance due March 28, 1978 in the amount of Twenty Three Thousand, Six Hundred-Fifteen and 11/100 Dollars ($23,615.11). The Court finds this to have been an express representation as to the status of title to said property. Despite this representation in writing, which was a material inducement to Plaintiff's deposit of the aforesaid Seventy Three Thousand, Five Hundred and 00/100 Dollars ($73,500.00), Defendant, RICHARD FLANZBAUM, in his capacity as president of TREASURE COAST BUILDERS, INC., had executed and delivered to himself on January 2, 1978, approximately two and a half months prior to the aforesaid agreement with Plaintiff, a second mortgage on said property covering an indebtedness owed to him by the corporation in the approximate amount of Thirty Three Thousand, Seven Hundred-Six and 60/100 Dollars ($33,706.60). The existence of this mortgage was unknown to Plaintiff at the time he entered into the March 27, 1978 agreement and deposited the aforesaid sum of Seventy Three Thousand, Five Hundred and 00/100 Dollars ($73,500.00), and, said mortgage, which was introduced into evidence, was not recorded until June 5, 1978, coincidentally the same date upon which the title to the aforesaid three lots was transferred into the name of SUERICH ENTERPRISES, INC. Subsequently, through a closing of the sale of said property, Defendant personally realized the sum of Fifteen Thousand and 00/100 Dollars ($15,000.00) as a partial satisfaction of said mortgage.

11 U.S.C. § 523, entitled Exceptions to Discharge, provides that:

"(a) A discharge under § 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—...

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

(A) false pretenses, false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition ..."

Within the applicable standards governing this provision, and its predecessor under the Bankruptcy Act, the Court finds that the above conduct of Defendant/Debtor, RICHARD FLANZBAUM, in obtaining the Seventy Three Thousand, Five Hundred Dollar ($73,500.00) purchase price for the stock pursuant to the above agreement, both based upon a material false representation as to the status of title to corporate property, knowing full well he had an unrecorded mortgage against said property, undisclosed to Plaintiff, and in purchasing and conveying without consideration corporate property without the authorization of Plaintiff, and knowing full well that he had not met the terms and conditions of the stock purchase agreement for the release of corporate funds, constitutes such false pretenses, false representation and fraud as to preclude the debt owed by Defendant to Plaintiff from being discharged herein. *See, Re Burton*, 4 BCD 569 (BC NY 1978). *Beneficial Finance Company v. Norton*, 76 N.J.Super. 577, 185 A.2d 218 (1962). *Forsyth v. Vehmeyer*, 177 U.S. 177, 20 S.Ct. 623, 44 L.Ed. 723 (1900). *Wells v. Blitch*, 182 Ga. 826, 187 S.E. 86 (1936).

The Court specifically finds that each of the actions of Defendant stated above, in and of itself, constitutes sufficient false pretenses, false representation, and actual fraud as to be sufficient to bar the dischargeability of the debt owed by Defendant to Plaintiff. Plaintiff also objected to the discharge of Defendant pursuant to 11 U.S.C. § 727(a)(3), alleging the unjustified loss or destruction of the Debtor's books and records, and pursuant to 11 U.S.C. § 727(a)(4), alleging the making of a false oath or account by the Debtor, on the basis of failure to list ownership of certain stock

as well as certain interests in real property in which the Debtor has an interest.

The Plaintiff herein being by far, the largest creditor in this estate, and Plaintiff having adequately met his burden of proof in establishing the objection to dischargeability pursuant to 11 U.S.C. § 523, and the Defendant having put on no evidence to effectively rebut the evidence presented by Plaintiff, the Court finds it unnecessary to reach the issue of objection to discharge pursuant to 11 U.S.C. § 727. The Court therefore withholds ruling on the matters alleged in Count II of Plaintiff's Complaint, without prejudice.

Based on the foregoing, the Court finds and concludes that all scheduled debts owing by the Debtor, RICHARD FLANZBAUM, the Defendant herein, to the Plaintiff, DENNIS L. TRACHSEL, shall be excepted from the Defendant's/Debtor's discharge herein, pursuant to 11 U.S.C. § 523(a)(2)(A). A final judgment will be entered in accordance with these findings and conclusions.