**In the Matter of Patricia Jean MIRAGE a/k/a Patricia Jean Groves, Debtor.**

**FIRST NATIONAL BANK OF MERCER COUNTY, Plaintiff,**

v.

**Patricia Jean MIRAGE a/k/a Patricia Jean Groves and David J. Graban, Esq., Trustee, Defendants.**

**Bankruptcy No. 82–00554.
Adv. No. 82–0449.**

United States Bankruptcy Court,
W.D. Pennsylvania.

July 14, 1983.

Henry E. Sewinsky, Rodgers, Perfilio, Heiman & Sewinsky, P.C., Sharon, Pa., for plaintiff.

Andrew M. Miller, Farrell, Pa., for debtor.

David J. Graban, Fruit, Dill, Goodwin & Scholl, Sharon, Pa., pro se.

### MEMORANDUM AND ORDER ON COMPLAINT TO DETERMINE DISCHARGEABILITY

WILLIAM B. WASHABAUGH, Jr., Bankruptcy Judge:

In May of 1979, the debtor purchased a new Pontiac, Bonneville car with money borrowed from the plaintiff bank in the sum of $10,741.44 as security for which it obtained a perfected security interest by noting its lien on the certificate of title for said vehicle. In June of 1981 the debtor told an employee of the bank that her monthly payments were too high and she would like to transfer title to the car to her father; that he would transfer title to his older car to her and she would bring in the new certificate therefor to the bank so it could obtain a new lien thereagainst.

The debtor had previously been employed by the plaintiff bank and had been secretary to the employee branch manager with whom she was able to make the above arrangements because of the special confidence and trust he had in her. The debtor had made payments on the indebtedness for about two years with two additional years of payments remaining thereagainst at the time of the agreement. The branch manager released the bank's lien against and delivered the certificate of title for the newer car to the debtor in reliance on her representations that she would bring back the title to the other car for notation of an encumbrance thereagainst for the reduced indebtedness with the lower payments, but she never returned to the bank with the certificate of title for the newly acquired car. When asked what she did with the $4,000 she said she was receiving for the car sold to her father, she said that she repaid a $3,000 debt she owed to him and that he agreed to pay her the remaining $1,000 in monthly installments.

False representations and fraud may be proven by inference, and although representations of existing facts are to be distinguished from promises of future action, a distinction is also drawn between promises to be performed in the future and false statements of present intention of the promisor: *Third National Bank v. Schatten,* 81 F.2d 538 (6th Cir.1936) invalidating a transaction based on false statements and statements made recklessly without honest belief in the truth made with an aim to deceive or mislead; *In re Norton,* 11 B.R. 141 (Bkrtcy.Vt.1980) in which the debtor purchased an automobile and failed to keep his promise to have the guarantor's lien noted on the title and the debt was held non-dischargeable; *In re Flanzbaum,* 7 B.R. 826 (Bkrtcy.Fla.1980); *In re Milbank,* 1 B.R. 150 (Bkrtcy.S.D.N.Y.1979); Collier, Bankruptcy Practice Guide, Vol. 4, ¶ 76.05.

It is our opinion that the debtor took advantage of and violated the confidential relationship she had with the bank of which she was a former employee and was so recklessly indifferent in respect to the representations made of her intentions to carry out her agreement to permit the bank to perfect a lien against the automobile she said she was to acquiring from her father to whom she knew she was indebteded in the sum of $3,000 at the time she induced the bank to release its lien on her presently owned vehicle as to be chargeable with the consequences of a deliberate fraud.

An appropriate Order will be entered.