## SMITH *et al. v.* LANIER *et al.*

No. 15137.  MAY 10, 1945.

*Mingledorff & Roberts,* for plaintiffs.
*H. J. Quincey* and *D. C. Sapp,* for defendants.

WYATT, Justice. ■ The principal questions for consideration, in determining whether the evidence authorized the direction of a verdict for the defendants, are: (1) whether an uncertain, indefinite, or disputed boundary line between coterminous landowners had been fixed by parol agreement; (2) whether the dividing line between the coterminous landowners had been established by acquiescence for more than seven years by acts or declarations of the adjoining landowners; and (3) whether the principal defendant had acquired such a perfect equitable title by virtue of a parol gift of the strip of land in dispute as would defeat a title acquired by a purchaser with notice.

The first proposition needs little elaboration. The undisputed evidence showed that there was no unascertained, uncertain, or disputed line between coterminous landowners. The evidence shows that, when a division of the property was undertaken between the heirs, the defendant, Mrs. Lanier, was dissatisfied with the portion of the land she received; and that, in order to satisfy her, a new and distinct line was established and her boundary extended in order to give her an additional strip of land. Therefore, since it is necessary in order to establish a dividing line between coterminous landowners by parol agreement alone that there shall be a line which is unascertained, uncertain, or disputed (*Taylor* v. *Board of Glenlock Public School,* 185 *Ga.* 61 (2) (194 S. E. 169); *Miller* v. *McGlaun,* 63 *Ga.* 435), the direction of a verdict for the defendants was not warranted on the theory that a dividing line had been established by parol agreement. Moreover, "the only basis for the ruling that such an agreement is not within the statute of frauds is that in instances where it is applicable it does not operate as a conveyance of land, but merely as an agreement with respect to what has already been conveyed. *Farr* v. *Woolfolk,* 118 *Ga.* 277 (45 S. E. 230). In the instant case it was not an agreement with respect to land that had already been conveyed, for the deeds were made subsequently to the alleged agreement." *Taylor* v. *Board of Glenlock Public School,* supra.

■ The second and third propositions will be discussed together.

"Acquiescence for seven years, by acts or declarations of adjoining landowners, shall establish a dividing line." Code, § 85-1602. Although there are a number of decisions in which the implication arises that the rule might be otherwise (*Osteen* v. *Wynn,* 131 *Ga.* 209 (3), 62 S. E. 37, 127 Am. St. R. 212; *Gornto* v. *Wilson,* 141

*Ga.* 597 (2), 81 S. E. 860; *O'Neal* v. *Ward,* 148 *Ga.* 62, 95 S. E. 709), it would seem to be the rule that acquiescence for seven years by acts or declarations of adjoining landowners will establish a line regardless of whether the boundary line between the two tracts is indefinite, unascertained, or disputed. *Yarbrough* v. *Stuckey,* 39 *Ga. App.* 265 (147 S. E. 160); *Farr* v. *Woolfolk,* supra; *Tietjen* v. *Dobson,* 170 *Ga.* 123 (3), 126 (152 S. E. 222, 69 A. L. R. 1408). Consequently, the rules with reference to a line established by acquiescence and a line established by parol agreement differ in two respects: (1) A divisional line, in order to be established by parol agreement, must be one established in consequence of an indefinite, unascertained, or disputed line, which is unnecessary in the case of acquiescence; and (2) a divisional line, in order to be established by acquiescence, must have existed for a period of more than seven years by virtue of the acts or declarations of the adjoining landowners, while this is unnecessary in the case of an agreed line. *Farr* v. *Woolfolk,* supra; *Osteen* v. *Wynn,* supra. But, although recognizing these distinctions, we do not think that the rule with reference to acquiescence for seven years is applicable in this case, for the reason that the principal defendant relies upon a parol gift of land. It is true that she testified that she claimed under the parol gift and her deed, because the description in her deed contains the words "more or less;" but she further testified that the description in her deed did not cover the property in dispute. The words "more or less" would not in themselves extend the boundaries. The deed itself is not in evidence. The undisputed evidence shows that the deed of the plaintiff and his predecessors in title did include the property in controversy.

It might be noted that Mrs. Lanier's possession of the property in dispute is not shown by the evidence to have been under color of title; and prescription under color of title for seven years is not involved, because color of title will not extend beyond the description contained in the grant. *Bradley* v. *Shelton,* 189 *Ga.* 696 (3) (7 S. E. 2d, 261), and cit. Nor is § 85-1603 of the Code with reference to possession for seven years under a claim of right, which is a part of the processioning laws, applicable in this case. See, in this connection, *Standard Oil Co.* v. *Altman,* 173 *Ga.* 777 (161

S. E. 353). The case does not involve any attempt to reform a deed or explain an ambiguity.

The defendant contends simply that the strip of land in controversy was given to her by parol agreement, but for some reason, which did not appear upon the trial, the land was not included in her deed. Consequently, we think that, in order to set up an equitable title in defense of an ejectment suit, it would be necessary for the defendant to show more than mere acquiescence for seven years by acts or declarations of adjoining landowners in order to take the case out of the operation of the statute of frauds. We do not think that, where one coterminous landowner makes a parol gift of land to an adjoining landowner, thus changing the divisional line between the properties of the coterminous proprietors, the donee can hold the property as against a legal title by merely showing acquiescence in the new line established by virtue of the parol gift. He must go further, under these circumstances, and bring himself within the rules governing parol gifts. A parol gift of land, accompanied by possession, based upon a meritorious consideration, is not in itself sufficient to pass title into the donee. *Thompson* v. *Ray,* 92 *Ga.* 285 (18 S. E. 59); *Doe* v. *Newton,* 171 *Ga.* 418, 422 (156 S. E. 25). But, "A donee of land under a parol gift based upon a meritorious consideration, who, with the consent of the donor, enters into possession *and makes valuable improvements upon the faith of the gift,* acquires a perfect equity as against the donor, his heirs and those claiming under him with notice. . . It is now well settled that in such circumstances the donee can defend an action of ejectment by proof of such perfect equity." *Sikes* v. *Seckinger,* 164 *Ga.* 96, 102 (137 S. E. 833), and cit. "A mere parol gift . . is not, without more, sufficient to pass title, nor will it vest in the donee any right or equity as against a subsequent purchaser from the donor, with or without notice." *Beetles* v. *Steadham,* 186 *Ga.* 110, 112 (197 S. E. 270), and cit.

There being in the instant case no evidence that the defendant as donee made any valuable improvements on the property, the evidence did not authorize the direction of a verdict for the defendants on the theory that Mrs. Lanier had acquired a perfect equitable title by virtue of a parol gift. The plaintiff proved his title to the property in controversy. Other evidence offered was insufficient to demand a verdict against him. The court erred in the direction

of a verdict for the defendants at the conclusion of the plaintiff's case.

◼ The intervenor showed no such interest in the subject-matter of the litigation as would entitle her to intervene; and no error was committed in dismissing the intervention. Other grounds of the motion for new trial, complaining of the exclusion of evidence, but not argued in this court except by general insistence on these grounds, have been examined. They show no error.

From the above rulings, it follows that the court erred in overruling the motion for new trial.

*Judgment reversed. All the Justices concur.*

GRICE, Justice. I regard what is stated in headnote 2, and the corresponding division of the opinion, on the subject of acquiescence, as obiter, and would prefer that such matter not be dealt with in the instant case. I concur in all other portions of the opinion and in the judgment.

DUCKWORTH, J. I dissent from the ruling in headnote 2 and the corresponding division of the opinion to the effect that it is unnecessary under the law that there exist between coterminous landowners a dispute as to the dividing line, or that such line be indefinite and unascertained, in order that acquiescence for seven years under the Code, § 85-1602, may establish the dividing line. It is my opinion that the same rule is applicable alike in cases where a dividing line is established by agreement of coterminous landowners, and where such dividing line is established by acquiescence for seven years by acts and declarations, and that rule is, that such dividing line can be established by either method only, in cases where the line is in dispute, or is indefinite and uncertain. I think, however, that since, as pointed out in the opinion, there was no evidence in this case of acquiescence in a line for a period of seven years, all rulings and statements in the opinion and headnote to the effect that it is unnecessary, in case of acquiescence for seven years, that the dividing line be uncertain or in dispute, is obiter, and accordingly I concur in the judgment of reversal and in the opinion except as herein pointed out.