## CALLAWAY *v.* ARMOUR.

No. 17143. JULY 12, 1950. REHEARING DENIED JULY 24, 1950.

*Colley & Orr*, for plaintiff in error.
*Clement E. Sutton*, contra.

WYATT, J. The evidence disclosed that James W. Armour and Mrs. Elizabeth R. Callaway are owners of adjoining tracts of land, and that each of the tracts of land came through a common grantor. In 1912 Mrs. Lila M. Richardson died intestate leaving a large tract of land. She was the mother of the plain-

tiff in error and also of Mrs. Kate Wicker, predecessor in title to James W. Armour. In 1922, the heirs at law of Mrs. Richardson agreed upon a division of the lands belonging to the estate. The different parcels were designated as certain numbered lots. Lot number 1 was conveyed by quitclaim deed from her brothers and sisters to Mrs. John J. Wicker (Kate Wicker). The description of the land was as follows: "A tract or parcel of land in the 168th district, G. M., of Wilkes County, bounded north by lands of Mrs. M. M. Green, A. S. Richardson, E. V. Arnold, H. L. Turner, and the old Washington and Lexington public road, east by lands of Mrs. John Allen Callaway, the same being lot No. 2 in the division of the lands of Mrs. Lila M. Richardson, deceased, south by lands of A. S. Richardson, and west by lands of R. H. Spratlin, the property hereby conveyed contains 301 acres, more or less, as shown by attached plat. . . "

Lot No. 2 was conveyed by quitclaim deed by her brothers and sisters to Mrs. John Allen Callaway (Mrs. Elizabeth R. Callaway). The description of the land conveyed was as follows: "A tract of land in the 168th district, G. M., Wilkes County, Georgia, adjoining lands of A. S. Richardson, R. H. Spratlin, H. L. Turner, Dr. Sale, Danielsville Public Road, and Lexington & Washington Public road, about 12 miles West of Washington, Georgia containing 246 acres more or less . . as shown by plat attached. . . "

No plat was in evidence giving a more definite description of the dividing line between lots Nos. 1 and 2, in so far as natural boundaries are concerned, than is above indicated. On February 23, 1942, Mrs. Wicker, conveyed lot No. 1 to her brother, Samuel L. Richardson, and he in turn deeded the property to the defendant in error on June 6, 1944; the description in both deeds being the same as above indicated.

Mrs. Callaway and Mrs. Wicker both testified that in 1923 they went on the premises together, and, since the line between the two tracts of land was uncertain and unascertained, and was not marked, they agreed that the line should follow a described hedgerow, and from there proceed in a straight line back to where the two tracts reached the Willis place. The testimony included photographs identifying the hedgerow. This testimony

was not contradicted. Several tenants who worked the land of Mrs. Callaway testified that they cultivated up to this line, and that the tenants of Mrs. Wicker did likewise. This testimony was uncontradicted. Both Mrs. Wicker and Mrs. Callaway testified that this line had been agreed upon and recognized by the owners of the two tracts of land as the dividing line at all times since 1923 until the defendant in error questioned the line after he bought the property. The defendant in error testified that he purchased the timber on the tract of land he now owns from Mr. Richardson, and that he cut the timber up to the line as claimed by the plaintiff in error and stopped. He further testified that the tenant of Mrs. Callaway, Maddox, was working the disputed land when he bought the place in 1944. The only basis for the claim of the defendant in error to title to this 33-acre tract of land was his contention that his deed included the land, and a survey made by a surveyor whose services he alone secured, and that he was not bound by the alleged agreed line.

The establishment of the agreed line contended for by the plaintiff in error, as has been above stated, was not disputed or contradicted. In *Farr* v. *Woolfolk*, 118 *Ga.* 277 (2) (45 S. E. 230), this court said in headnote (2): "Independently of the rule laid down in the Code section, a parol agreement between coterminous proprietors that a certain line is the true dividing line is valid and binding as between them, if the agreement is accompanied by possession to the agreed line or is otherwise duly executed, and if the boundary line between the two tracts is indefinite, unascertained, or disputed. Such an agreement is not within the statute of frauds, because it does not operate as a conveyance of land, but merely as an agreement with respect to what has already been conveyed." In the body of the opinion it is said: "It is, however, indispensable that a parol agreement as to a dividing line be accompanied with possession, or that something else should be done by the parties to execute the agreement."

In *Hart* v. *Carter*, 150 *Ga.* 289 (1) (103 S. E. 457), this court said: "Where the dividing line between coterminous owners is indefinite, unascertained, or disputed, the owners may by parol agreement duly executed establish the line, and the line thus established will control their deeds, notwithstanding the statute

of frauds." In *Osteen* v. *Wynn,* 131 *Ga.* 209, 215 (62 S. E. 37), this court said: "A parol agreement between adjoining landowners to fix a boundary line between their respective tracts theretofore unascertained, uncertain, or disputed, is not within the operation of the statute of frauds, for the reason that no estate is created. When a boundary line is established by consent, the coterminous proprietors hold up to it by virtue of their title deeds, and not by virtue of a parol transfer." See also *Bradley* v. *Shelton,* 189 *Ga.* 696 (7 S. E. 2d, 261); *McNeal* v. *Carter,* 191 *Ga.* 441 (12 S. E. 2d, 332); *Robertson* v. *Abernathy,* 192 *Ga.* 694 (16 S. E. 2d, 584); *Shahan* v. *Watkins,* 194 *Ga.* 164 (21 S. E. 2d, 58); *Smith* v. *Lanier,* 199 *Ga.* 255 (34 S. E. 2d, 91).

In the instant case, all the elements necessary to establish a dividing line by parol agreement were present. The location of the dividing line was uncertain and unascertained according to the testimony, and as will readily appear from a mere reading of the two deeds. The owners of the adjacent property agreed upon a definite and certain line, and the agreement has been executed by the parties by cultivating up to the agreed line. These facts were sufficient to establish a dividing line by parol. The evidence in this case goes further, however, and shows that the defendant in error knew that the agreed line had been respected by his predecessor in title, and that he himself, when he purchased the timber, respected this dividing line. These facts were uncontradicted. We must therefore hold that the plaintiff in error obtained title to this land in dispute by virtue of her deed and not by virtue of an oral agreement, and that the verdict of the jury was, therefore, not authorized by the evidence. This ruling makes unnecessary a ruling upon the other questions raised.

*Judgment reversed. All the Justices concur.*