### 20448. DAVIS *et al. v.* NEWTON.

DUCKWORTH, Chief Justice. This case involves an equitable action for injunctive relief and to confirm and specifically perform a parol gift of land, brought by the donee against the executrix of the donor and the devisees under the donor's will, the petitioner claiming that the property therein described was an alleged gift to her by the deceased. The petitioner alleges that the property was given to her by her mother-in-law for love and affection in order to avoid the embarrassment of a lawsuit in which she was about to lose the

property; that the daughter-in-law subsequently paid off the indebtedness and the lawsuit was dismissed; that she went into actual possession and made valuable improvements thereon, and thus acquired a perfect equity to the property, hence the estate of her mother-in-law does not include the property described. The defendants answered, denying in substance the allegations of the petition. By amendment they raised the defenses of laches and adverse possession in the mother-in-law. The case proceeded to trial, and the jury found in favor of the plaintiff. At the close of the presentation of evidence, the defendants moved for a directed verdict, which was denied. After the trial they filed motions for a judgment notwithstanding the verdict and judgment and for a new trial. Thereafter, both motions were amended, and, after a hearing, denied. The exceptions are to those judgments.

The evidence, in brief, shows that there was an indebtedness against the property, made by the mother-in-law in purchasing the property, and a suit had been filed against her for the unpaid balance, which suit had been dismissed; but the evidence was in conflict as to how the indebtedness was paid in full. Both the petitioner and her mother-in-law had made valuable improvements, and the evidence showed that both had been in actual and constructive possession of the property since the alleged gift. The testimony as to the parol gift was that of several disinterested witnesses that the mother-in-law had stated on several occasions that she did not own the property, that it belonged to the petitioner, that she wished she had not given it to her since she would not keep it up, that she could not sell it since it no longer belonged to her, and that she was leaving everything to her daughter-in-law when she died. The evidence disclosed that the mother-in-law had attempted to sell it a few years ago, had returned it for taxes in her name, and was in actual possession of the property at the time of her death.

The grounds of the amended motion for a judgment notwithstanding the verdict and judgment complain that the action is barred by laches, the statute of frauds, and adverse possession by the donor after the alleged gift. The amended motion for new trial complains of several excerpts from the charge, the failure to charge several principles of law, and the admission of certain testimony. *Held:*

1. Plaintiffs in error have waived any complaint as to the statute

of frauds in the amended motion for a judgment notwithstand the verdict and judgment, and special ground six of the amended motion for new trial, since counsel has offered no argument on either in the brief and made no oral argument before the court. Therefore these complaints will not be considered.

2. One who is in possession of property under a claim of ownership will not be guilty of laches for delay in resorting to a court of equity to establish his rights. Code § 37-119; *Pavlovski* v. *Klassing*, 134 *Ga.* 704 (3) (68 S. E. 511); *Cleaveland* v. *LaGrange Banking &c. Co.*, 187 *Ga.* 65 (200 S. E. 137); *Johnson* v. *Sears*, 199 *Ga.* 432 (34 S. E. 2d 541); *Richards* v. *Richards*, 209 *Ga.* 839 (76 S. E. 2d 492); *Lominick* v. *Lominick*, 213 *Ga.* 53 (96 S. E. 2d 587). The evidence showing possession in the plaintiff, which the jury could have believed in preference to the evidence of possession in the donor, the question was for the jury to determine whether there was laches sufficient to bar the plaintiff's action. Thus, the evidence being in conflict on the issue of possession and many other issues, the court did not err. in denying the amended motion for a judgment notwithstanding the verdict and judgment. Nor is there any merit in the general grounds of the motion for new trial, since the evidence was sufficient to support the verdict. ..

3. At most the evidence shows actual and constructive possession in both the petitioner and her mother-in-law, since the possession of each might have been permissive possession by the other. Code §§ 85-402, 85-404, 48-106. Since the jury could only have found that the possession by the mother-in-law was under her claim of right or permissive by her daughter-in-law, a charge on adverse possession was unauthorized. Thus, the first and third special grounds, complaining that the charge excluded the defense of adverse possession, and the fifth special ground, complaining of the failure to charge on adverse possession, are without merit, since adverse possession could not be a defense.

4. "Slight improvements of small value, if they are substantial and permanent in their nature and are beneficial to the land, in other words if they are such as an owner would ordinarily make upon the land under like circumstances, then these improvements are sufficient to comply with the requirements that plaintiff made valuable improvements." This charge is

complained of in the second special ground because it did not state that the improvements were "such as none but an owner would ordinarily make," which was the language used in *Porter* v. *Allen*, 54 *Ga.* 624. The charge is almost verbatim with the language used in the *Porter* case in discussing the improvements contemplated by Code § 37-804; hence there is no merit in this ground. See also *Farr* v. *West*, 152 *Ga.* 595 (110 S. E. 724); *Vickers* v. *Robinson*, 157 *Ga.* 731 (6) (122 S. E. 405).

5. There was evidence of laches, since the jury could have found that the deceased had been in possession under her own claim of right and not by permission from the petitioner, and that the petitioner had made no claim for more than 20 years until after the death of the alleged donor. Hence it was error to fail to charge on the defense of laches, which was raised by both the pleadings and the evidence. The first and fourth special grounds, complaining of the failure to charge on laches, are therefore meritorious.

6. The seventh special ground complains of the testimony of the plaintiff with reference to improvements made on the property. The testimony was given in reference to facts within the knowledge of the plaintiff and was not incompetent as involving transactions with a deceased person. This ground is without merit.

7. For the reasons stated in headnote 5, the court erred in refusing to grant the amended motion for new trial.

<em>Judgment reversed. All the Justices concur.</em>

ARGUED APRIL 14, 1959—DECIDED MAY 8, 1959.

*Stephens, Fortson, Bentley & Griffin*, for plaintiffs in error. *Larry V. McLeod*, contra.