## S95A0766. COLEMAN v. COLEMAN.
### (459 SE2d 166)

FLETCHER, Presiding Justice.

Ermadell and Albert Coleman married in 1950, had ten children, separated in 1972, and divorced in 1977. Mrs. Coleman filed a complaint seeking specific performance of an oral agreement that Mr. Coleman would sign over title to the couple's home after the divorce. The trial court dismissed the complaint for failure to state a claim. Because the complaint alleges that Mrs. Coleman has remained in possession of the property, made all the mortgage and tax payments, and improved the property based on the parol agreement, she has stated a claim for specific performance. Therefore, we reverse that claim's dismissal, but affirm the dismissal of the remaining claims.

The 1977 divorce decree provided that Mr. Coleman would pay child support for the three minor children and real estate taxes on the family home. The one-paragraph judgment did not divide the couple's property. Mr. Coleman held title to the couple's house, but Mrs. Coleman had lived in it and made all the mortgage and tax payments since 1972. The complaint contends that the couple entered into an oral contract in which Mr. Coleman agreed to $75 per month in child support, pay the property taxes until the youngest child turned 18 years of age in 1983, and sign over the property's title to her. She was to continue paying the installments on two promissory notes secured

---

by security deeds. Mr. Coleman paid five months' child support, but never paid the taxes or signed a deed to her. After Mrs. Coleman made the final mortgage payment in 1993 and Mr. Coleman refused to deed the property to her, she sued for specific performance, forfeiture of his interest in the realty, and title by adverse possession. She appeals the dismissal of her complaint.

1. In reviewing a trial court's order dismissing a complaint for failure to state a claim, this Court construes the pleadings in the light most favorable to the losing party with the doubts resolved in her favor.[1] Based on this standard, we conclude that Mrs. Coleman has stated a claim under two Code sections for which specific performance could be granted.[2]

OCGA § 23-2-131 provides for specific performance of a parol contract for land when the other party admits the contract or the party seeking relief has executed the contract so far that abandonment would not restore her to her previous position.[3] A person may show sufficient partial performance of the oral contract by demonstrating full payment, partial payment and possession, or possession and valuable improvements. Mrs. Coleman's amended complaint alleges that: (1) she entered into a parol agreement with her husband in 1977 to dissolve the marriage, divide the marital estate, and arrange for child support; (2) she possessed the property and paid the mortgage based on the agreement; and (3) she has maintained and improved the property. These contentions state a claim for the specific performance of a parol contract for land under OCGA § 23-2-131.

OCGA § 23-2-132 provides that equity will decree the performance of a voluntary agreement or promise if "possession of lands has been given under such an agreement, upon a meritorious consideration, and valuable improvements have been made" based on the promise to convey. Under this codified equitable principle, the party seeking specific performance may obtain relief by showing an oral promise, meritorious consideration, possession, and valuable improvements.[4] Since Mrs. Coleman's complaint alleges these four elements, it also states a claim under this statute.

2. Mrs. Coleman additionally alleges that she has obtained prescriptive title based on adverse possession for twenty years or adverse possession for seven years under color of title.[5] To establish title by adverse possession, the claimant must show actual notice of the ad-

---

[1] *Alford v. Public Svc. Comm.*, 262 Ga. 386, n. 1 (418 SE2d 13) (1992).

[2] See OCGA §§ 23-2-131; 23-2-132.

[3] *Grist v. Foster*, 246 Ga. 565, 566 (272 SE2d 297) (1980).

[4] *Taylor v. Cureton*, 196 Ga. 28, 30 (25 SE2d 815) (1943).

[5] See OCGA §§ 44-5-163; 44-5-164.

verse claim.[6] Mrs. Coleman's complaint contends that she has adversely possessed the property since her separation from Mr. Coleman in 1972, but fails to specify actual notice of her claim at that time. Instead, the complaint contends that she notified her husband in 1977 when she began seeking the title from him, which is insufficient to establish adverse possession for 20 years.

Similarly, her claim for adverse possession under color of title fails. The divorce decree is not written evidence of title because it did not award the couple's property to Mrs. Coleman. Therefore, the trial court correctly concluded that the complaint fails to state a claim for adverse possession.

*Judgment affirmed in part and reversed in part. Benham, C. J., Sears, Hunstein, Carley and Thompson, JJ., concur.*

DECIDED JULY 14, 1995.

*Kirby G. Bailey,* for appellant.
*Richard G. Pechin,* for appellee.

---

[6] OCGA § 44-5-161; *Johnson v. Key,* 173 Ga. 586, 591 (160 SE 794) (1931).