S00A0085. SHARP v. SUMNER.
(528 SE2d 791)

HUNSTEIN, Justice.

Roy Sexton purchased a house in Lithonia in 1996. Sexton's employee, Lisa Sumner, moved into the house with her children. Sumner worked for Sexton at his repair shop and also was a caretaker for Sexton's ailing mother. Sexton died six months later and Janice Chandler Sharp was appointed administratrix of his estate.

---

Sharp brought an action to dispossess Sumner of the house which Sumner defended on the ground that the house had been an inter vivos parol gift to her by Sexton. The dispossessory case was tried in Rockdale Superior Court, and in November 1997 a verdict was returned for Sumner. After the 1997 litigation, Sharp refused to deed the property to Sumner. Sumner then filed a complaint for specific performance seeking to require Sharp to transfer title of the house to her. Sumner died during the pendency of the litigation and Agie Sumner was appointed the estate's administratrix. A jury returned a verdict for Sumner awarding her title to the property in dispute. Sharp appeals claiming the evidence did not support the verdict. We disagree and affirm.

An equitable exception to the Statute of Frauds, OCGA § 13-5-30 (4), is contained in OCGA § 23-2-132 which provides that equity will decree the specific performance of a parol agreement for land if "possession of lands has been given under such an agreement, upon a meritorious consideration, and valuable improvements have been made" based on the promise to convey. "Under this codified equitable principle, the party seeking specific performance may obtain relief by showing an oral promise, meritorious consideration, possession, and valuable improvements." (Footnote omitted.) *Coleman v. Coleman*, 265 Ga. 568, 569 (1) (459 SE2d 166) (1995). A donee of land under a parol gift who " 'enters into possession and makes valuable improvements *upon the faith of the gift*, acquires a perfect equity as against the donor, his heirs and those claiming under him with notice. . . .' [Cit.]" *Smith v. Lanier*, 199 Ga. 255, 264 (34 SE2d 91) (1945). The sufficiency of the improvements which the donee must have made to complete the parol gift of land is for the jury to determine. *Sharpton v. Givens*, 209 Ga. 868 (1) (76 SE2d 806) (1953).

Sharp contends Sumner failed to carry her burden of proving that Sexton made a present gift of the realty to her and that valuable improvements were made to the property. However, numerous witnesses testified that Sexton purchased the house for Sumner with the intention that Sumner and her three children have a permanent home. There was evidence that he did not immediately give Sumner the deed to the house only because she was unreliable and Sexton feared that Sumner would "lose" the house. It is uncontradicted that neither Sexton nor his estate received rent from Sumner. There was also ample evidence of the amount and extent of the improvements Sumner made to the property. Accordingly, because there was clear proof that Sumner took possession of the land given to her by Sexton and made valuable improvements thereto, it was not error for the superior court to decree specific performance based on a finding that Sumner acquired title based on a valid parol gift of land.

*Judgment affirmed. All the Justices concur, except Carley, J., who is disqualified.*

DECIDED MAY 1, 2000.

*John W. Moulton*, for appellant.
*Ralph S. Goldberg*, for appellee.