## S02A1467. WHITTEMORE v. WHITTEMORE et al.
### (570 SE2d 333)

THOMPSON, Justice.

Bobbie Jean Mann purchased and built a home on the property in question in 1983. She told her son Ralph and daughter-in-law Glenda that she was gifting the property to them and their son, Steven. In so doing, Mann expressed a desire to provide a home and a nest egg for Steven, who was born three years earlier. Ralph and Glenda agreed to look after Steven's interest in the property until he reached the age of majority. Throughout his entire life, Steven was told that he owned a one-third undivided interest in the property. Pursuant to a family agreement, when Steven turned 16 years old he began to pay approximately $50 per week toward the maintenance, utilities and insurance on the property.

Mann paid property taxes on the property until 1997. In that year, Mann executed a quitclaim deed conveying the property to

---

Glenda and Ralph.

In 1999 after Steven reached the age of majority, Ralph, Glenda, and Steven executed a deed to secure debt conveying the property in question, and a tract of land in Butts County, to First Georgia Community Bank. Steven was told he had to sign the deed because he was a part owner of the property in question.

In October 2000, Ralph and Glenda were divorced, and Ralph gave Glenda a quitclaim deed transferring his interest in the property. One month later, Glenda brought a dispossessory action against Steven demanding possession of the premises. Because Steven claimed he was an owner of the property, the case was transferred to superior court where Glenda added a claim for ejectment. While the case was pending, the house burned to the ground and an insurance settlement check was given to First Georgia Community Bank. After moving to intervene and paying the balance due on its loan, the bank placed the remaining insurance proceeds in the registry of the court and moved to add Ralph as a party. Glenda moved for partial summary judgment. The court ruled that Glenda demonstrated superior title as a matter of law. Accordingly, it granted Glenda's motion for partial summary judgment as to ejectment and the insurance proceeds, leaving the issue of damages and mesne profits for later. Steven appeals, enumerating error upon the grant of partial summary judgment to Glenda. We affirm.

> An equitable exception to the Statute of Frauds, OCGA § 13-5-30 (4), is contained in OCGA § 23-2-132 which provides that equity will decree the specific performance of a parol agreement for land if possession of lands has been given under such an agreement, upon a meritorious consideration, and valuable improvements have been made based on the promise to convey. Under this codified equitable principle, the party seeking specific performance may obtain relief by showing an oral promise, meritorious consideration, possession, and valuable improvements. (Footnote omitted.) *Coleman v. Coleman*, 265 Ga. 568, 569 (1) (459 SE2d 166) (1995). A donee of land under a parol gift who enters into possession and makes valuable improvements *upon the faith of the gift*, acquires a perfect equity as against the donor, his heirs and those claiming under him with notice. . . . [Cit.] *Smith v. Lanier*, 199 Ga. 255, 264 (34 SE2d 91) (1945). The sufficiency of the improvements which the donee must have made to complete the parol gift of land is for the jury to determine. *Sharpton v. Givens*, 209 Ga. 868 (1) (76 SE2d 806) (1953).

(Punctuation omitted.) *Sharp v. Sumner*, 272 Ga. 338, 339 (528 SE2d 791) (2000). But unless *valuable improvements* are made, a parol gift will not be enforced. *Whitmire v. Watkins*, 245 Ga. 713 (267 SE2d 6) (1980).

Valuable improvements can be " '[s]light improvements of small value, if they are substantial and permanent in their nature and are beneficial to the land.' " *Davis v. Newton*, 215 Ga. 58, 60 (4) (108 SE2d 809) (1959). Although the record demonstates that Steven contributed to the maintenance and upkeep of the property, it does not show that Steven made substantial and permanent improvements upon the faith of Mann's gift.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 30, 2002.

*Paul S. Weiner*, for appellant.
*Douglas R. Ballard, Jr.*, for appellee.