## S03A0216. VAUGHN v. STOENNER.

(581 SE2d 543)

SEARS, Presiding Justice.

The appellant, Harold Vaughn, appeals from the trial court's grant of summary judgment to the appellee, Sharon Stoenner, on Vaughn's claims regarding title to a certain tract of land in Jackson County, Georgia. We conclude that the trial court erred in granting summary judgment to Stoenner on Vaughn's claim for specific performance of an alleged oral agreement that Stoenner would give him her interest in the land if he paid off the mortgage on which both of them were obligated. We also conclude, however, that the trial court did not err in granting summary judgment to Stoenner on Vaughn's claim for title by adverse possession. Accordingly, we affirm the trial court's judgment in part and reverse it in part.

In July 1971, Vaughn and Stoenner, who were dating, bought 76.01 acres of land together in Jackson County. The property was conveyed to them by warranty deed, and both Vaughn and Stoenner signed a promissory note and security deed on the property. The parties separated sometime between 1973 and 1975, and had no communication until shortly before Vaughn filed this action in March 2001. In his complaint, Vaughn alleged that at the time of separation, he and Stoenner entered into an oral agreement that if he paid for the property she would give him her interest in it; that he had paid the mortgage on the property, as well as the taxes on the property; and that he had made valuable improvements to the property. Vaughn sought sole title to the property by seeking specific performance of the alleged oral agreement. He also alleged that he had obtained sole title by adverse possession. The trial court, however, granted summary judgment to Stoenner on Vaughn's claims for title to the property.

1. Vaughn contends that the trial court erred in finding that in November 2000 he made a judicial admission in a settlement agreement in an unrelated divorce case that estopped him from contending that he is the sole owner of the property. The trial court found that Vaughn's statement constituted an admission that Vaughn was only a one-half owner of the property in question. We disagree with the trial court's reading of the settlement agreement. Our review shows

that Vaughn simply acknowledged that the record title showed that he and Stoenner were one-half owners of the property and that a dispute, which probably would be resolved by litigation, existed with Stoenner over Vaughn's ownership interest in the property. The agreement even stated that Vaughn's wife agreed to "cooperate and assist [Vaughn] in establishing that he paid for, maintained and cultivated the . . . property without contribution from . . . Stoenner." For these reasons, the settlement agreement did not constitute a judicial admission by Vaughn that his ownership interest in the property was limited to a one-half interest, and the trial court erred in ruling to the contrary. Moreover, even if Vaughn's statement in the settlement agreement could be determined to be a judicial admission that he owned only a one-half interest in the property, that admission was only binding in the divorce litigation with his wife and would not estop him from asserting a claim to more than a one-half interest in the property in the present case.[1]

2. Vaughn contends that the trial court erred by granting summary judgment to Stoenner on his claim that he had obtained sole title to the property pursuant to the alleged oral contract that the parties had entered in the 1970s.

Stoenner was entitled to summary judgment on Vaughn's specific performance claim if the undisputed facts, viewed most favorable to Vaughn, show that Stoenner was entitled to judgment as a matter of law.[2] To establish a claim for the specific performance of an oral contract for land under OCGA § 23-2-131, the party seeking relief must show that she "has executed the contract so far that abandonment would not restore her to her previous position. A person may show sufficient partial performance of the oral contract by demonstrating full payment, partial payment and possession, or possession and valuable improvements."[3] Moreover, " '[s]light improvements of small value, if they are substantial and permanent in their nature and are beneficial to the land, in other words if they are such as an owner would ordinarily make upon the land under like circumstances,' " may be considered valuable improvements.[4] And, the issue whether improvements are valuable is ordinarily for a jury to determine.[5]

In this regard, Vaughn testified that when the parties separated, Stoenner told him that if he paid for the property, he could have the

[1] *Foster v. State*, 157 Ga. App. 554, 555-556 (278 SE2d 136) (1981); Milich, Georgia Rules of Evidence § 18.2, at 372 (2d ed. 2002).

[2] *Crozer v. Reichert*, 275 Ga. 118, 121 (561 SE2d 120) (2002).

[3] *Coleman v. Coleman*, 265 Ga. 568, 569 (459 SE2d 166) (1995).

[4] *Davis v. Newton*, 215 Ga. 58, 60 (108 SE2d 809) (1959). Accord *Whittemore v. Whittemore*, 275 Ga. 536, 537 (570 SE2d 333) (2002).

[5] *Whittemore*, 275 Ga. at 537.

entire property. Vaughn also stated that Stoenner left him a note on his car windshield to the same effect. Vaughn testified, however, that he could not now find the note. It is undisputed that Stoenner made no mortgage payments, and that Vaughn paid off the mortgage, made certain improvements to the property,[6] and remained in possession of the property after the alleged oral contract. Viewing these facts in the light most favorable to Vaughn, we conclude that a factual dispute exists on the elements of the claim for specific performance of the oral contract under OCGA § 23-2-131.[7] Accordingly, the trial court erred in granting summary judgment on the claim. For these same reasons, we conclude that the trial court erred in granting summary judgment to Stoenner on Vaughn's claim under OCGA §§ 23-2-132 and 13-3-44 (a).[8]

3. Vaughn next contends that the trial court erred in granting summary judgment on his claim that he acquired title to the property by adverse possession. We conclude, however, that the trial court did not err. When one cotenant, such as Vaughn, contends that he has acquired title by adverse possession against another cotenant, he must satisfy one of the three elements of OCGA § 44-6-123.[9] In relevant part, § 44-6-123 requires the adverse-possessor cotenant to effect an "actual ouster" against the other cotenant.[10] In this case, it is undisputed that Vaughn took no action to effect an actual ouster of Stoenner.[11] Accordingly, the trial court did not err in granting summary judgment to Stoenner on Vaughn's adverse possession claim.

For the foregoing reasons, we affirm the trial court's judgment in part and reverse it in part.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

---

[6] Vaughn put forward evidence that he made numerous improvements, including the building of two barns, the installation of a well, and the installation of a fence around the 76 acres.

[7] See *Coleman*, 265 Ga. at 569. Stoenner contends that Vaughn's claim for specific performance must fail because he was obligated to pay the loan on the property regardless of any agreement with her, and that therefore any agreement with her did not cause his position to change. This contention, however, ignores the fact that Vaughn, under the alleged agreement, gave up his right, among other things, to have Stoenner contribute to the mortgage and tax payments on the property.

[8] See *Coleman*, 265 Ga. at 569.

[9] See *Ponder v. Ponder*, 275 Ga. 616, 618 (571 SE2d 343) (2002); *Wright v. Wright*, 270 Ga. 530, 532 (512 SE2d 618) (1999); *Fuller v. McBurrows*, 229 Ga. 422, 425 (192 SE2d 144) (1972).

[10] The other two elements of OCGA § 44-6-123 are inapplicable to this case.

[11] Vaughn's reliance on *Hamby Mountain Gold Mines v. Calhoun Land & Mining Co.*, 83 Ga. 311, 318-320 (9 SE 831) (1889), is misplaced, as specific statutory language like that of OCGA § 44-6-123 was not at issue in *Hamby*. Instead, *Hamby* involved a court-created presumption of ouster against two non-party cotenants in a partitioning action on the ground that the cotenants' inaction regarding the property over a period of years amounted to an ouster.

DECIDED JUNE 2, 2003.

*Thomas M. Farrell, David A. Webster*, for appellant.
*McGee & Oxford, James J. Brissette*, for appellee.