**JEWEL POWELL and WINSTON a/k/a TOMMY POWELL, et al.,**
**Appellants**

**v.**

**VIOLET O. MAHABIR, LORING W. SEWER, MARILYN E. WOODLEY, IRVIN A. SEWER, EARL A. SEWER, WARREN A. SEWER, LUCINDA C. ANTHONY, JUDITH O. CALLWOOD, and LORREL A. SEWER,**
**Appellees**

D.C. Civil App. No. 2005-83

District Court of the Virgin Islands

Division of St. Thomas and St. John, Appellate Division

December 9, 2008

JEFFREY B.C. MOORHEAD, ESQ., St. Croix, USVI, *For the Appellants*.

HENRY C. SMOCK, ESQ., St. Thomas, USVI, *For the Appellees*.

GÓMEZ, *Chief Judge of the District Court of the Virgin Islands*; FINCH, *Judge of the District Court of the Virgin Islands*; and STEELE, *Judge of the Superior Court, Division of St. Croix, sitting by designation.*

## MEMORANDUM OPINION

(December 9, 2008)

PER CURIAM. Appellants Jewel Powell and Winston a/k/a Tommy Powell (the "Appellants") appeal an April, 2005 judgment of the Superior Court of the Virgin Islands (the "Superior Court"), finding that the Appellees had proven their ownership of certain real property by adverse possession. For the reasons given below, this matter will be remanded to the Superior Court.

## I. FACTS

The Appellees brought this action in the Superior Court to quiet title to certain real property known as Parcel No. 6M Estate Hansen Bay, East End Quarter, St. John, U.S. Virgin Islands ("Parcel 6M").

The Appellees are the great-grandchildren of Martin Phillip Sewer ("Martin Sewer"), who claimed to own Parcel 6M.[1] Martin Sewer had

---

[1] The Appellees claim that Martin Sewer is the "last record owner" of Parcel 6M. The Appellees attempt to substantiate that assertion by reference to an affidavit from the Recorder of Deeds for the District of St. Thomas/St. John. That affidavit states that there is no record

several children. One of his sons, Captain Samuel Osmond Sewer, Sr. ("Captain Sewer"), provided care for Martin Sewer in the latter's old age. As a show of gratitude, Martin Sewer made a parol gift of Parcel 6M to Captain Sewer.

After Martin Sewer's death, Captain Sewer went to live and established residency in Antigua. Thereafter, Captain Sewer made a parol gift of Parcel 6M to his son, Samuel Osmond Sewer, Jr. ("Samuel, Jr.").

Samuel, Jr. married Louise Sewer ("Louise") in 1928, a few years before receiving Parcel 6M by parol gift from Captain Sewer. Samuel, Jr. and Louise had several children, including Appellees Irvin A. Sewer, Violet O. Mahabir and Lucinda C. Anthony.[2] Samuel, Jr., Louise and their children never lived on Parcel 6M. Rather, they resided on other real property known as Parcel 6C, East End Quarter, St. John, U.S. Virgin Islands ("Parcel 6C"). Samuel, Jr. fenced in Parcel 6M, and used it to pasture livestock and to cultivate fruits and vegetables. Samuel, Jr. also paid property taxes on Parcel 6M.

Samuel, Jr. died intestate in 1980. His estate was never probated. After Samuel, Jr.'s death, Louise and her children continued to pay taxes on Parcel 6M. Louise died intestate. Her estate was never probated. After Louise's death, the Appellees continued to pay taxes on Parcel 6M.

Appellant Jewel Powell ("Jewel") is the daughter of Samuel, Jr.'s first cousin, Archibald Steven, and is married to Appellant Winston Powell. Since approximately 1995,[3] the Appellants have occupied a portion of Parcel 6M, whereon they built a small structure made of plywood and mortar.

On learning that the Appellants were occupying a portion of Parcel 6M, Appellee Irvin A. Sewer sent letters to the Appellants in 1995 and 1996,

---

of any sale of Parcel 6M to the Government of the Virgin Islands. The affidavit further states that page 200 of the East End Register for St. John includes an entry from 1913 in which the owners of Parcels 6, 7 and 8 Hansen Bay state that Parcel 6M belongs to Martin Sewer. [See J.A. 21-23.]

[2] The Appellees' brief states that the Appellees are Martin Sewer's great-grandchildren. [Appellees' Br. 2.] The rest of the record, however, does not make clear the exact relationship of the Appellees. Appellees Loring W. Sewer, Marilyn E. Woodley, Judith O. Callwood and Lorrel A. Sewer were represented by counsel at trial, but were not actually present at trial for various reasons. [See J.A. 90-91.]

[3] The parties stipulated at trial that the Appellants have lived on Parcel 6M since 1995. [J.A. 92.] The record elsewhere indicates, however, that the Appellants have lived on Parcel 6M since 1994. [J.A. 259.] This discrepancy is immaterial for the purpose of this appeal.

demanding that the Appellants stop building on Parcel 6M and pay rent. The Appellees received no response from the Appellants, and consequently brought this action to quiet title.[4]

In April, 2005, after a bench trial, the Superior Court issued a judgment in favor of the Appellees, finding that "the evidence is more than clear and convincing that [the Appellees] and their parents are the owners of [Parcel 6M]." Specifically, the Superior Court found that the Appellees and their family had "exclusive, actual and physical control, and dominion over [Parcel 6M]," and that this control and dominion was open and uninterrupted for more than 90 years. [J.A. 15-16.] The Superior Court further found that the Appellees could "tack" their claim of adverse possession to that of Samuel, Jr. The Appellants thereafter filed this timely appeal.

The issue now before the Court is whether the Superior Court erred in finding that the Appellees had established ownership of Parcel 6M by adverse possession.

## II. DISCUSSION

### A. Jurisdiction

This Court has jurisdiction to review final judgments and orders of the Superior Court of the Virgin Islands. *See* Revised Organic Act of 1954 23A, 48 U.S.C. § 1613a; Act No. 6730 § 54(d)(1) (Omnibus Justice Act of 2005).[5]

### B. Standard of Review

Adverse possession claims are usually mixed questions of law and fact. *DeCastro v. Stuart*, 45 V.I. 591, 595-596 (D.V.I. App. Div. 2004). Ordinarily, the fact finder determines the facts that bear on the issue of adverse possession. Whether those facts are sufficient to constitute adverse possession is a question of law for the court. *Id.* In reviewing the

---

[4] The record indicates that the Appellees initiated this action to quiet title to Parcel 6M. [J.A. 217.] While the Superior Court's opinion states that the Appellees initiated this action to "establish adverse possession, to quiet title and to establish ownership." [J.A. 3], the opinion is based solely on ownership by adverse possession. [J.A. 17.]

[5] The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1995 & Supp. 2003), *reprinted in* V.I. CODE ANN. 73-177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp. 2003) (preceding V.I. CODE ANN. tit. 1).

Superior Court's determination whether there was adverse possession, this Court reviews findings of fact for clear error and affords plenary review to the trial court's determinations of law. *See Poleon v. Gov't. of the V.I.*, 184 F. Supp. 2d 428 (D.V.I. App. Div. 2002); *Bryan v. Government of the V.I.*, 150 F. Supp. 2d 821, 827 n.7 (D.V.I. App. Div. 2001); *Nibbs v. Roberts*, 31 V.I. 196, 204 (D.V.I. App. Div. 1995).

On appeal, the Court must give due regard and deference to the credibility determinations of the trial court, which is in the best position to make such assessments. *See Garcia v. Herbert*, 48 V.I. 599, 604 (D.V.I. App. Div. 2006).

### III. ANALYSIS

The Court has identified two principal flaws in the trial court's determination that the Appellees established ownership of Parcel 6M by adverse possession.

First, the Virgin Islands Statute of Frauds, codified at Chapter 11 of the Virgin Islands Code, provides, in pertinent part:

> (a) Except for a lease for a term not exceeding one year, no estate or interest in real property, and no trust or power over or concerning real property, or in any manner relating thereto, can be created, granted, assigned, transferred, surrendered, or declared, otherwise than —
>
> (1) by operation of law; or
>
> (2) by a deed of conveyance or other instrument in writing, signed by the person creating, granting, assigning, transferring, surrendering, or declaring the same, or by his lawful agent under written authority, and executed with such formalities as are required by law.

V.I. CODE ANN. tit. 28, § 241.

In this matter, the record reflects that Samuel, Jr. came into possession of Parcel 6M by parol gift from Captain Sewer, who in turn received Parcel 6M by parol gift from Martin Sewer. The parties do not contend, and the record does not reflect, that Samuel, Jr.'s or Captain Sewer's purported acquisition of Parcel 6M by parol gift conforms with the requirements of the Statute of Frauds. Consequently, for those gifts to be effective, they must fall within an exception to the Statute of Frauds.

■ "The requisites for the creation of a valid parol gift of land are well established." *Fuisz v. Fuisz*, 527 Pa. 348, 591 A.2d 1047, 1049 (1991)

(citing *Yarnall Estate*, 376 Pa. 582, 103 A.2d 753, 758 (1954)). The requirements are "1.) evidence of the gift must be direct, positive, express, and unambiguous; 2.) possession of the land must be taken at the time or immediately after the gift is made, and such possession must be exclusive, open, notorious, adverse, and continuous; and 3.) the donee must make valuable improvements on the property for which compensation in damages would be inadequate." *Id.*; *see also Whittemore v. Whittemore*, 275 Ga. 536, 570 S.E.2d 333, 335 (2002) (citations omitted); *Hendrix v. Hendrix*, 256 Ark. 289, 506 S.W.2d 848, 852 (1974) ("A parol gift of land must be shown by clear, unequivocal and convincing evidence especially when the transaction involves members of the same family.") (citations omitted).

■ Here, there is no evidence in the record that the trial court made any findings concerning the validity of the parol gifts of Parcel 6M to Captain Sewer and Samuel, Jr. Because the validity of those gifts has not been determined, the legitimacy of Captain Sewer's and Samuel, Jr.'s ownership of Parcel 6M is unclear. That lack of clarity leads to the second deficiency in the trial court's decision.

■■ In concluding that the Appellees had established ownership of Parcel 6M by adverse possession, the Superior Court relied on the doctrine of "tacking." The doctrine of tacking permits a claimant to add his period of possession to that of a previous adverse possessor to establish continuous possession for the statutory period. 3 AM. JUR. 2d ADVERSE POSSESSION § 76 (1986); *see also Cake Box Bakery v. Maduro*, 15 V.I. 283, 290-292 (Terr. Ct. 1978).

> To tack one person's possession to that of another for purposes of adverse possession, a nexus or privity between the successive claimants is necessary. Thus, successive possessions cannot be tacked for the purpose of showing a continuous adverse possession in the absence of privity of estate or a connection between the successive occupants.

3 AM. JUR. 2d ADVERSE POSSESSION § 78 (1986). Courts have held that intestate succession is a sufficient form of privity. *See, e.g., Catawba Indian Tribe v. South Carolina*, 978 F.2d 1334, 1342 (4th Cir. 1992) (citing *Epperson v. Stansill*, 64 S.C. 485, 42 S.E. 426 (1902)); *Stacy v. Shejan,* Civ. No. 92-682, 1993 Me. Super. LEXIS 112, at *3-4 (Me. Super. Ct. June 22, 1993).

Title 15, section 191 of the Virgin Islands Code provides:

> Whenever a person dies intestate, leaving no debts, or such debts as his heirs choose to assume and pay, the heirs may present to the court a petition duly verified by two witnesses, which shall state-
> (1) the name and residence of the deceased;
> (2) the date of his death, supported by death certificate when available and procurable;
> (3) the names and capacities of the heirs;
> (4) that there are no debts, or that the heirs choose to assume and pay such debts as there may be;
> (5) that they accept the estate purely, simply and unconditionally, making the petitioners and the property of decedent responsible for any debts that may be owing by the decedent; and
> (6) the proportion due each heir.
>
> The petition shall end with a prayer that the heirs be recognized as the legal heirs of the deceased and as such be placed in full possession of the decedent's estate, real and personal.

V.I. CODE ANN. tit. 15, § 191.

> Title 15, section 195 of the Virgin Islands Codes provides:
> In the judgment recognizing the heirs and placing them in possession of the estate of the deceased, the real estate shall be described in detail. A registration in the office of the proper recorder of deeds of said judgment, or a certified copy thereof, shall be prima facie proof of title to said property in the heir or heirs therein named.

V.I. CODE ANN. tit. 15, § 195.

█ Here, the record does not reflect that Samuel, Jr.'s putative heirs presented a petition to the court, in conformity with title 15, section 191 of the Virgin Islands Code. Nor does the record reflect that there has been a judgment recognizing Samuel Jr.'s heirs and placing them in possession of Parcel 6M, per title 15, section 195 of the Virgin Islands Code. There is thus no evidence in the record of sufficient privity between Samuel, Jr. and the Appellees for tacking purposes. *See, e.g., Strickland v. Markos,* 566 So. 2d 229, 233 (Ala. 1990) ("Before tacking is allowed, however, it must be proved that there exists a sufficient nexus, often called 'privity,'

between the successive adverse claimants."); *Star Enter. v. Warner*, App. No. 9502-00036, 1995 Tenn. App. LEXIS 432, at *13 (Tenn. Ct. App. June 28, 1995) (noting that " 'tacking' requires some privity of title with the previous user"). Consequently, there is no basis on which to conclude that the Appellees may tack their adverse possession claim onto that of Samuel, Jr.

## IV. CONCLUSION

For the reasons given above, this matter will be remanded to the Superior Court with instructions that (1) the validity of the parol gifts of Parcel 6M to Captain Sewer and to Samuel, Jr. be determined and (2) Samuel, Jr.'s estate be submitted to probate for a determination of heirship. Accordingly, the Court will hold in abeyance any judgment on the Superior Court's adverse possession determination pending probate of Samuel, Jr.'s estate. An appropriate order follows.