S11A0960. JONES et al. v. KIRK et al.

(719 SE2d 428)

MELTON, Justice.

In his Last Will and Testament, Clyde Willis Jones (hereinafter referred to as "Clyde Sr."), bequeathed a life estate of 40 acres to his wife, Olla Belle Fields. In the event of Fields' death, Clyde Sr.'s five children[1] were to receive a fee simple interest in the 40 acres that

---

[1] The five children are Jackie E. Jones, Rickie Ann Henderson, James F. Jones (deceased,

would be divided equally among them. Clyde Sr.'s grandson, Freddie Jones, had been living on a 2.2 acre tract of land that was part of the 40 acres in question since 1988, allegedly pursuant to an oral gift of the 2.2 acres to him from Clyde Sr. After Clyde Sr. and Fields died, four of Clyde Sr.'s heirs filed a petition for partition of the 40 acres, because they wanted to sell the land. However, one of Clyde Sr.'s heirs, Jackie E. Jones, refused to sign the petition.[2] On March 27, 2007, the trial court granted the petition, ordering that the 40 acres of land be sold. When Freddie saw a newspaper advertisement in the Summer of 2008 for the sale of the 40 acres that included the 2.2-acre parcel upon which he lived, he filed a motion to intervene as a defendant in the trial court to prevent the sale. The trial court granted Freddie's motion to intervene on August 28, 2008, and suspended the advertised sale of the 40 acres. The heirs then filed a motion for summary judgment, arguing that there was no evidence that Freddie owned the 2.2 acres of land upon which he lived. The trial court granted the heirs' motion, prompting this appeal. For the reasons that follow, we affirm.

> On appeal from the grant of summary judgment this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Citations and punctuation omitted.) *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003); OCGA § 9-11-56.

Freddie contends that the trial court erred by granting summary judgment to the heirs because a genuine issue of material fact exists with respect to his claim that he owned the 2.2 acres at issue. In this connection, an equitable exception to the Statute of Frauds (OCGA § 13-5-30 (4)) is contained in OCGA § 23-2-132, which provides in relevant part that equity will decree the specific performance of a parol agreement for land if "possession of lands has been given under such an agreement, upon a meritorious consideration, and valuable improvements have been made upon the faith [of the

---

but represented in this action by Angela Buress, the Administrator of his estate), Kathleen Kirk, and Clyde Jones, Jr. For ease of reference, when not referred to individually, the children shall be collectively referred to as the "heirs."

[2] Jackie E. Jones (Freddie's father) has sided with Freddie Jones in this case, and is an Appellant along with Freddie. For ease of reference, Jackie and Freddie will be referred to collectively as "Freddie."

voluntary agreement or gratuitous promise of the donor]." Here, viewed in the light most favorable to Freddie, he has provided at least some evidence that he possessed the land based on an alleged oral promise from his grandfather, and that meritorious consideration was given in return for the promise. See, e.g., *Milton v. Milton*, 192 Ga. 778, 780 (1) (16 SE2d 573) (1941) ("[T]he natural love and affection of a father for his son" satisfied the element of meritorious consideration for purposes of an oral promise to convey land).

However, the record fails to show evidence that Freddie made any valuable improvements to the land based on his grandfather's promise to convey the land to him.

> The sufficiency of the improvements which the donee must have made to complete the parol gift of land is for the jury to determine. [Cits.] But unless *valuable improvements* are made [by the donee], a parol gift will not be enforced. [Cit.] Valuable improvements can be "slight improvements of small value, if they are substantial and permanent in their nature and are beneficial to the land." [Cit.]

(Punctuation omitted; emphasis in original.) *Whittemore v. Whittemore*, 275 Ga. 536, 537-538 (570 SE2d 333) (2002).

Here, the record reveals that Freddie did not make any valuable improvements to the property based on his grandfather's promise that the land would be his. As an initial matter, Freddie testified in his deposition that he moved his mobile home onto the 2.2 acres, not because his grandfather had promised to give him the 2.2 acres, but in order to be closer to his grandfather so that he could help his grandfather at his nearby farm. See, e.g., *Smith v. Lanier*, 199 Ga. 255, 264 (2) (34 SE2d 91) (1945) (donee of land under a parol gift must *"make[ ] valuable improvements upon the faith of the gift"*) (citation and punctuation omitted; emphasis in original). There is no testimony that Freddie placed the mobile home on the property in connection with a promise that the land would someday be his. In any event, even if the placing of the trailer had been done in connection with such a promise, this still would not be evidence of a "valuable improvement," as a mobile home that can be rolled away at any time is not an improvement to the land that is permanent in nature. See *Whittemore*, supra, 275 Ga. at 538. Furthermore, Freddie admitted in his deposition that it was his grandfather who installed and paid for the septic system on the property, and not Freddie. Thus, it cannot be said that *Freddie* made this improvement to the property. Nor can it be said that the fence surrounding the property was Freddie's doing, as he admitted that it was his grandfather who took the lead on building the fence. Finally, the unfinished garage

that Freddie placed on the property was made to store items for his grandfather's farm and to give him and his grandfather a place to work in connection with their farm duties, not for any purpose connected with a promise that the 2.2 acre tract of land would be given to him. See *Smith,* supra.

In short, despite the fact that Freddie has lived on the property for several years, this fact alone is insufficient as a matter of law to satisfy the requirements for a parol gift of land. See *Smith* at 264 (2) ("A parol gift of land, accompanied by possession, based upon a meritorious consideration, is not in itself sufficient to pass title into the donee") (citation omitted). Indeed, "[a]lthough the record demonstrates that [Freddie] contributed to the maintenance and upkeep of the property, it does not show that [Freddie] made substantial and permanent improvements upon the faith of [his grandfather's] gift." *Whittemore,* supra, 275 Ga. at 538. Accordingly, the trial court properly granted summary judgment to the heirs. Id.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 7, 2011 —
RECONSIDERATION DENIED NOVEMBER 30, 2011.

*R. Scott Kiker, John P. Tucker, Jr.,* for appellant.
*Jay B. Bell,* for appellee.